

2029 Century Park East, Suite 300
Los Angeles, CA 90067-2904
(310) 284-3880
Fax (310) 284-3894
www.btlaw.com

Kristen Richer, Partner
310-284-3880
Kristen.Richer@btlaw.com

October 20, 2022

**VIA ECF**
The Honorable Denise L. Cote
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

> ***In Re: Acetaminophen ASD/ADHD Products Liability Litig.*, 1:22-md-3043 (DLC)**
> **Defendants' Request to Modify the Court's October 18, 2022 Orders**
> **This Document Relates To: All Actions**

Dear Judge Cote,

      We write on behalf of Defendants CVS Pharmacy, Inc., Costco Wholesale Corporation, and Walgreen Co. in response to Plaintiffs' October 15, 2022 Letter Motion to Set Briefing Schedule on Motions to Dismiss Based on Preemption (DE 3), and in response to this Court's October 18, 2022 Order regarding same (DE 8) (the "October 18 Order").

      We understand and share in the Court's interest in promptly moving things forward in this MDL, and in particular, by globally addressing preemption issues common to all defendants as soon as practicable. We write, however, to respectfully request that the Court consider modifying its October 18 Order in favor of the requested relief outlined below, to allow the parties an opportunity to meet and confer on these issues in order to facilitate a more coordinated approach to the pleadings and initial motion practice in this case.

      The litigation currently involves at least 97 cases, naming more than 15 defendants.[1] There are additional cases pending transfer pursuant to the JPML's conditional transfer order process.[2] Based upon Plaintiffs' representations to the JPML, it is anticipated that a significant number of additional actions will follow, and that additional defendants—including the many manufacturers of acetaminophen products at issue—will be named in the near term.[3] As noted in JPML Transfer Order, given the common questions arising from Plaintiffs' allegations, "all defendants are likely to assert the same preemption defense in each action."[4]

---

[1] JPML Transfer Order at 1, *In Re: Acetaminophen ASD/ADHD Prods. Liab. Litig.*, No. 1:22-md-3043, (S.D.N.Y. Oct. 5, 2022), DE 1 (noting that as of October 5, the litigation consists of at least 65 actions).
[2] *In re: Acetaminophen – ASD/ADHD Prods. Liab. Litig.*, MDL No. 3043, DE 98-99 (J.P.M.L. Oct. 19, 2022).
[3] During oral argument on the Motion to Transfer, Plaintiffs represented the litigation will involve at least 20,000 plaintiffs. *See* Transcript, Exh. A, at 6:1-13. Plaintiffs' counsel also represented that the litigation will involve plaintiffs in every state in the country, *id*. at 11:24-12:2, and further, that manufacturers of acetaminophen will "absolutely" be brought into the litigation. *Id*. at 6:24-7:16; 11:21-23.
[4] Transfer Order at pp. 1-2.

The Honorable Denise L. Cote
October 20, 2022
Page 2

Pursuant to paragraph 12 of the Court's initial case management order at DE 11, responsive pleading deadlines for all but two member cases are stayed pending further order by the Court. As the Court likely anticipates, however, defendants in the other actions intend to file Rule 12 motions to dismiss Plaintiffs' claims, and further intend to seek guidance from the Court at the November 17 pretrial conference on the coordination of master pleadings (to the extent applicable) and the filing of Rule 12 motions to efficiently move these cases forward without overwhelming the Court's docket. In contrast, Plaintiffs' proposal seeks briefing on only two individual actions, involving only one defendant, Walmart.[5] Further, as noted in Plaintiffs' letter motion, the briefing originally filed in those two cases, then pending in Arkansas, concerned Eighth Circuit case law. Plaintiffs ask the Court to ignore the fact that a decision on any of the threshold legal issues underlying the motions to dismiss in these two actions may impact all defendants, each of which has a vested interest in and an intent to seek similar relief in their respective cases. These other cases and those to follow, however, are not yet governed by uniform pleadings or uniform causes of action. In the absence of master pleadings, we are concerned that a decision regarding two individual cases will lead to numerous subsequent attempts by Plaintiffs to circumvent the defendants' legal defenses via repleading—whether as to their causes of action, different defendants, or different classes of defendants—in the remaining member cases.

We submit that a modified approach may be more efficient, and we would appreciate an opportunity to confer with Plaintiffs on this issue, and to seek the Court's guidance at the upcoming conference. Accordingly, we request that the Court issue orders as follows:

1. Modifying the existing stay on responsive pleading deadlines to include all transferred actions, including the *Roberts* and *Hatfield* cases, or continuing all briefing deadlines in *Roberts* and *Hatfield*, until otherwise ordered by this Court.

2. Ordering the parties to meet and confer in advance of the November 17 conference regarding the efficient conduct of pleadings and anticipated preemption briefing, including the timing of master pleadings and the timing and form of preemption briefing by the other defendants, including briefing on Second Circuit law as may be applicable in this case.

We appreciate the Court's consideration of these concerns, and look forward to working with the Court in these consolidated proceedings.

Respectfully submitted,

*/s/ Kristen L. Richer*

Kristen L. Richer (SBN 4960753)
Barnes & Thornburg LLP
2029 Century Park East, Ste. 300
Los Angeles, CA 90067
(310) 284-3896
kricher@btlaw.com

---

[5] *Roberts v. Wal-Mart Stores*, No. 22-cv-5108 and *Hatfield v. Wal-Mart Stores*, No. 22-cv-5109 (W.D. Ark.).

**BARNES & THORNBURG** LLP