# Keller | Postman

October 20, 2022

**VIA ECF**

The Honorable Denise L. Cote
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

    Re.   ***In Re: Acetaminophen – ASD/ADHD Products Liability Litigation*, Case No. 1:22-md-03043 (DLC)**
          **Plaintiffs' Response to Defendants' Request to Modify the Court's October 18, 2022 Orders**
          <u>**This Document Relates to: All Actions**</u>

Dear Judge Cote:

I write in response to the letter submitted today by Defendants CVS Pharmacy, Inc., Costco Wholesale Corporation, and Walgreen Co., Dkt. 14. Plaintiffs Roberts and Hatfield respectfully urge the Court to leave its current order in place so they may oppose Walmart's preemption argument on October 28. None of the reasons proffered by Defendants warrant the indefinite delay that they seek.

First, the fact that this MDL involves other defendants that intend to file Rule 12 motions to dismiss is no reason to delay resolution of Walmart's motions to dismiss. The federal question of preemption turns on the scope and content of federal law, which is of course uniform throughout the country and across all defendants. The Court's resolution of this cross-cutting issue is almost certain to be the same for Walmart as it is for CVS, Costco, and Walgreen. There is no reason to postpone a dispositive ruling on this crucial question—which will provide clarity to all parties to this proceeding—when both Walmart and Plaintiffs are prepared to move forward with dispatch.

Second, there is no risk of "overwhelming the Court's docket" by proceeding with Walmart's already-filed motions to dismiss. The Court's Order has already stayed responsive pleading deadlines in other cases and encouraged the parties to confer on a case management plan. Surely those discussions will include proposals for "the coordination of master pleadings (to the extent applicable)" and "the filing of Rule 12 motions" that the Court can accept or modify in due course. The docket will remain orderly whether Walmart's motions are addressed earlier or later.

Third, Walmart's motions turn on the interpretation of federal law, which is the same in the Eighth Circuit as it is in the Second. Most of the cases Walmart relies upon are Supreme Court precedents, and it is notable that Walmart itself has not claimed any unfairness from proceeding with its motions as written.

# Keller | Postman

Finally, Defendants' concern that Plaintiffs will be able to circumvent this Court's preemption decision is misplaced.  Walmart's motions turn on the pure legal question of preemption, not the sufficiency of Roberts's and Hatfield's factual allegations.  Receiving the Court's decision on preemption should not be postponed out of some inchoate concern about the ability to artfully plead around the law.  Either federal law blocks compliance with Defendants' state-law duties or it does not.  Whether the complaint provides detailed factual allegations versus a "threadbare recital[] of the elements of the cause of action," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), is simply not the question Walmart poses.

Thank you for your consideration of this opposition.

Respectfully,

/s/ *Ashley C. Keller*
Ashley C. Keller (*Pro Hac Vice* forthcoming)
KELLER POSTMAN LLC
150 N. Riverside Plaza Suite 4100
Chicago, IL 60606
(312) 741-5220
Fax: (312) 971-3502
Email: ack@kellerpostman.com

*Counsel for Robin Hatfield, individually and as mother and guardian of C.H., and Lisa Roberts, individually and as mother and guardian of M.M.*