

**MIKAL C. WATTS**
Attorney at Law
mcwatts@wattsguerra.com

*Board Certified Personal Injury Trial Law*
*Texas Board of Legal Specialization*

Millennium Park Plaza RFO
15 Calle 2, Suite 410
Guaynabo, Puerto Rico 00966
www.wattsguerra.com

November 30, 2022

**VIA ECF**

The Honorable Denise L. Cote
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

Re:  *In Re: Acetaminophen – ASD–ADHD Products Liability Litigation*, Case No. 1:22-md-03043 (S.D.N.Y.) – Schedule for Master Complaints and Motions to Dismiss
**This Document Relates To:** All Cases

Dear Judge Cote:

Plaintiffs' Co-Lead Counsel submit this letter pursuant to the Court's November 18, 2022 Order, Dkt. 195, regarding Plaintiffs' Proposed Schedule for Master Complaints and Motions to Dismiss, which is attached hereto as Exhibit A.[1]

Plaintiffs propose to file Master Complaints and a proposed Short Form Complaint Template on December 16, 2022. As discussed with the Court during the November 17, 2022 conference, although Johnson & Johnson Consumer Inc. ("JJCI") and the Retailer Defendants are largely treated the same under the law, Plaintiffs intend to file a Master Complaint against JJCI and a separate Master Complaint against the Retailer Defendants. Barring any amendment from the Court, all Plaintiffs with cases already on-file in the MDL will file their Short Form Complaints on January 2, 2023. Defendants may file Motions to Dismiss, one per JJCI and one per the Retailer Defendants, on or before January 16, 2023, with Plaintiffs' Oppositions due on or before February 6, 2023.[2] Defendants' Replies would be due on or before February 16, 2023.

Plaintiffs' proposed schedule is eminently reasonable. Contrary to Defendants' contentions to this Court, the Master Complaint will largely track the substantive allegations of what is already contained in the individual complaints. Plaintiffs intend to add more factual detail, particularly regarding the science, but the complaints will otherwise be similar to the individual

---

[1] The parties attempted to create one document with their competing schedule proposals for the Court's consideration but ultimately could not effectively showcase the differing proposals in one document because the proposed structures were too different.

[2] Although Plaintiffs firmly believe Defendants should be limited to two Motions to Dismiss, Plaintiffs are willing to meet and confer with Defendants regarding the structure of the briefing and potential extensions to page limits following Plaintiffs' filing of their Master Complaints.

complaints that Defendants have had for months. Moreover, under Plaintiffs' scheduling proposal, Defendants will have a month from Plaintiffs' filing of the Master Complaints to file their Motions to Dismiss, more than what is permitted under the local rules.

At this juncture, most of the cases transferred to the Court were filed in specific states, so Defendants will not be forced to brief fifty-states' law in a month. Defendants have also been aware of these states for months and should be in a position to substantively move on Plaintiffs' allegations. Indeed, Defendants can be preparing such motions now. In sum, Plaintiffs' proposal provides the parties with sufficient time to effectively plead and brief these issues without unnecessarily stalling the litigation.

By contrast, Defendants' proposed schedule needlessly—and significantly—delays the Court's disposition of these preliminary issues.[3] Defendants' proposal requires the parties to meet and confer on Plaintiffs' Short Form Complaint for a *month* following submission of the Master Complaints. This month to confer is unnecessary. Plaintiffs are the masters of their own pleadings, and Defendants' input on the Short Form Complaint is unnecessary. Defendants next seek for Plaintiffs to file their Short Form Complaints within 30 days of the Court's entry of a Short Form Complaint Order, and for Defendants to file their Motions to Dismiss 45 days thereafter. This would provide Defendants with 3.5 months following Plaintiffs' filing of their Master Complaints to file Motions to Dismiss. This timeline serves no purpose other than to inject needless delay into the litigation.

Finally, as Plaintiffs first proposed to the Court in their November 10, 2022 letter, Dkt. 115, Plaintiffs suggest that the Court employ a reciprocal show cause procedure for dismissal based on preemption for future individual complaints based on the Court's rulings on Wal-Mart Stores, Inc.'s ("Walmart") motions to dismiss in *Hatfield, et al. v. Wal-Mart Stores, Inc.*, 22-cv-9011 ("*Hatfield*"), and *Roberts, et al. v. Wal-Mart Stores, Inc.,* 22-cv-9012 ("*Roberts*"). The Court denied those motions to dismiss on November 14, 2022, *Hatfield*, Dkt. 55 and *Roberts*, Dkt. 56, and Walmart filed a motion for reconsideration on November 28, 2022, *Hatfield*, Dkt. 63 and *Roberts*, Dkt. 64. Plaintiffs suggest that if the Court denies the foregoing motions for reconsideration, any Defendant before this Court, or one docketed here in the future, should have 14 days from the date of the denial or the initial docket entry, respectively, to file a letter-motion with the Court and show cause as to why the Court should allow another motion to reconsider its Orders. In the alternative, if the Court dismisses *Hatfield* and *Roberts* on the basis of preemption, then all Plaintiffs before the Court or docketed in the Court thereafter should have 14 days from the date of the dismissal order or the initial docket entry, respectively, to demonstrate why the Plaintiff's complaint should not be dismissed for the same reasons as *Hatfield* and *Roberts*. This approach is similar to the one employed by the Court in *In re Eliquis (Apixaban) Products Liability Litigation* (MDL 2754), and as in that case, this proposed procedure will conserve judicial resources and serve judicial economy.

Thank you for your consideration.

---

[3] This was Defendants' proposed schedule submitted to Plaintiffs immediately prior to the filing of this letter on November 30, 2022, but as of this filing, Defendants had not yet submitted a final proposed schedule to the Court.

Respectfully submitted,

*/s/ Mikal C. Watts*
Mikal C. Watts (*Pro Hac Vice*)
WATTS GUERRA LLC
Millennium Park Plaza RFO
Ste. 410, C112
Guaynabo, Puerto Rico 00966
(210) 447-0500
mcwatts@wattsguerra.com

KELLER POSTMAN LLC
Ashley C. Keller (*Pro Hac Vice*)
150 N. Riverside Plaza LLC, Ste. 4100
Chicago, IL 60606
(312) 741-5220
ack@kellerpostman.com

THE LANIER LAW FIRM
W. Mark Lanier (*Pro Hac Vice*)
Tower 56
126 East 56th St., 6th Floor
New York, New York 10022
(212) 421-2800
mark.lanier@lanierlawfirm.com