# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
IN RE: Acetaminophen – ASD-ADHD                          :
Products Liability Litigation                            :          22md3043  (DLC)
                                                         :
This Document Relates To: All Actions                    :
-------------------------------------------------------- X

## [PROPOSED] SCHEDULING ORDER REGARDING MASTER COMPLAINTS, SHORT FORM COMPLAINTS, AND MOTIONS TO DISMISS

The Court hereby enters the following deadlines:

Plaintiffs shall file any Master Complaint(s) on or before December 16, 2022;

Plaintiffs shall file their Short Form Complaint Template on or before December 16, 2022;

Barring any amendment from the Court, Plaintiffs who have cases on file in the above-captioned MDL shall file their Short Form Complaints on January 2, 2023;

Defendants shall file any Motions to Dismiss as to those Short Form Complaints on or before January 16, 2023, but Defendants are limited to two Motions to Dismiss (one for Johnson & Johnson Consumer Inc. and one for the Retailer Defendants);

Plaintiffs shall file any Oppositions to the Motions to Dismiss on or before February 6, 2023; and

Defendants shall file any Replies to the Motions to Dismiss on or before February 16, 2023.

The Court further orders that its decision on Walmart, Inc.'s ("Walmart") Motions to Dismiss in *Hatfield, et al. v. Wal-Mart Stores, Inc.*, 22-cv-9011 ("*Hatfield*"), and *Roberts, et al. v. Wal-Mart Stores, Inc.,* 22-cv-9012 ("*Roberts*") shall be controlling as to preemption in this litigation.  If the Court denies Walmart's Motions for Reconsideration, *Hatfield*, Dkt. 62 and *Roberts*, Dkt. 63, Defendants shall not file any additional Motion to Dismiss based on preemption. Any Defendants must rather file a letter-motion with the Court within fourteen days of the Court's

1

Order, or within fourteen days of an initial docket entry, and show cause as to why the Court should allow another motion to reconsider its Orders in those cases.

Alternatively, if the Court grants Walmart's Motions for Reconsideration, and dismisses *Hatfield* and *Roberts* based on preemption, any Plaintiff before this Court or one docketed here in the future shall have fourteen days from the date of the dismissal order or the initial docket entry, respectively, to show cause in a memorandum no longer than 20 pages why the Plaintiff's complaint should not be dismissed for the same reasons as *Hatfield* and *Roberts*.

Dated:     New York, New York
           _____, 2022

                                        _____
                                        DENISE COTE
                                        United States District Judge