

2029 Century Park East, Suite 300
Los Angeles, CA 90067-2904
Tel (310) 284-3880
Fax (310) 284-3894
www.btlaw.com

Kristen Richer, Partner
310-284-3880
Kristen.Richer@btlaw.com

November 30, 2022

**VIA ECF**
The Honorable Denise L. Cote
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

> *In Re: Acetaminophen ASD/ADHD Prods. Liab. Litig.*, 1:22-md-3043 (DLC)
> **Defendants' Position on Master Pleadings and Motions to Dismiss**

Dear Judge Cote,

      Pursuant to Your Honor's November 18, 2022 Order: Post-Conference Submissions (DE 195), Defendants write to set forth their position regarding Master Pleadings and Motions to Dismiss for this MDL.

      At the Initial Pre-Trial Conference on November 17, 2022, Defendants expressed to the Court the need to understand not just the global allegations related to acetaminophen and ASD/ADHD, but also the defendant-specific claims asserted against individual defendants and individual supply chain entities (*e.g.*, Manufacturers vs. Retailers, etc.). Following arguments by the parties, the Court ordered Plaintiffs to file Master Long-Form Complaints ("Master Complaints" or "Master Pleadings"), contemplating that one Master Complaint would be filed as to the Retailer Defendants, a second Master Complaint would be filed as to Johnson & Johnson Consumer Inc., and Short-Form Complaints ("SFCs") would be filed thereafter by each individual Plaintiff to file a member case in the MDL. The Court then ordered the parties to meet and confer as to the timing, structure, and process for Master Pleadings, as well as the interplay between Master Pleadings, SFCs, and anticipated motion practice pursuant to Fed. R. Civ. P. 12. Despite extensive efforts to meet and confer on these issues, the Parties are currently at an impasse regarding both the structure and the timing of the filing of Master Pleadings and SFCs, as well as the timing of Defendants' motions to dismiss.

      **Timing and review of SFCs:** Defendants' proposal contemplates that Defendants will first receive the Master Complaints and then have an opportunity to review Plaintiffs' proposed SFC template, comment on it in an attempt to resolve any confusion or clear up any disputes, and then seek the Court's guidance on any such issues before the Court enters an order directing all Plaintiffs to file their respective SFCs. In contrast, Plaintiffs have taken the position that Defendants should have no opportunity to review or comment on the SFC template prior to the Court's review of the SFC template, and prior to entry of an SFC Order in the Case.

Defendants view this proposal as unworkable, unorthodox given counsel's prior mass tort litigation experience, and as risking unnecessary and inefficient disputes down the line on form pleadings that should be negotiated and streamlined by the Parties so that, for example, there is not widespread confusion regarding what is meant by form language in a document filled out and filed by hundreds or thousands of Plaintiffs.

In an attempt to accommodate Defendants' concerns on this issue, Plaintiffs have offered to share a draft version of the SFC with Defendants *before* the Master Complaints are served. Although some things may be accomplished before service and review of the Master Complaints, there is no practical means by which Defendants' can vet or agree to portions of the SFCs referencing or adopting the Master Complaints without the benefit of the final pleadings. Defendants' proposal, in contrast, builds this review into the process now, in an effort to save the Parties and the Court headache later.

**Timing of motion practice relative to the SFCs:**  Defendants have proposed a briefing schedule that is (1) teed off the filing of SFCs filed in member cases, since Defendants intend to review and reference the SFCs in their motions; and (2) slightly extended to accommodate the number of parties, breadth of issues and states' laws implicated in a proceeding of this potential magnitude.  Plaintiffs are insistent that Defendants should have no more than 14 days to review their filed SFCs prior to moving.  Defendants respectfully submit that Plaintiffs' position fails to acknowledge the purpose and import of the SFCs in this case.  Although the Master Complaint is an administrative pleading, the SFCs themselves are the vehicle by which all Plaintiffs adopt such pleadings as applicable to them, identify the specific parties and products that form the basis of their claims, and—in some cases—insert additional allegations unique to that Plaintiff. Defendants should be afforded an opportunity to consider these SFCs carefully, and to formulate a means of identifying shared issues that can be streamlined for the benefit of the Court and the Parties in briefing the motions.  Defendants' proposal acknowledges the import of this process, while still moving things forward in a timely and orderly fashion.

**Additional issues:**  Finally, Defendants note that Plaintiffs' proposed order inserts a provision directing that the Court's order in the *Roberts* and *Hatfield* cases is controlling as to (1) all other cases; (2) all Defendants, all of whom have at this point reserved their rights to assert their own preemption defenses, depending on the nature of Plaintiffs' Master Complaints and other facts or circumstances appropriately considered on a Rule 12 motion; and (3) the Master Pleadings—which no Defendant has seen yet.  Defendants object to the inclusion of this language and submit that it is not appropriately included in this order, nor considered in a vacuum given that neither the Parties nor the Court have yet seen the Master Complaints.[1]

We thank the Court for its consideration of these issues, and are available to discuss the above at the Court's convenience.

Respectfully submitted,

*/s/ Kristen L. Richer*

---

[1] Further, at the Court's direction, the Parties continue to meet and confer regarding FDA engagement in this litigation. Such engagement may impact future consider of the preemption issues.

**BARNES & THORNBURG** LLP