# Keller | Postman

January 30, 2023

**VIA ECF**

The Honorable Denise L. Cote
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

Re:   *In Re: Acetaminophen – ASD–ADHD Products Liability Litigation*, Case No. 1:22-md-03043 (S.D.N.Y.) –Proposed Schedule for Fact and Expert Discovery
**This Document Relates To:** All Cases

Dear Judge Cote:

Plaintiffs submit this letter to primarily respond to issues raised by the Retailer Defendants regarding the proposed discovery schedule. We otherwise refer the Court to our earlier-filed letter that speaks to general issues with the discovery schedule that affect all Defendants. Dkt. 383. The parties' proposed order is attached hereto as Exhibit A.

- **Defendants Should Respond to Written Discovery Within 30 days of Parties' Agreement**

Defendants should respond to Plaintiffs' written discovery within thirty days of the parties' January 11, 2023 stipulated agreement. Notably, Defendants have been in possession of this discovery since November 18, 2022. Yet for the first time, on January 26—the day before this letter was initially due—the Retailer Defendants astonishingly advised that they had been waiting on Plaintiffs to re-serve the discovery to mirror the parties' agreed, narrowed and modified discovery requests, **which Defendants themselves drafted and submitted in a chart to the Court**. That sort of gamesmanship should not be countenanced. It is indisputable that Defendants have fully understood the final set of written discovery requests since at least January 11, 2023, and in accordance with the Federal Rules of Civil Procedure, Defendants should be required to respond within thirty days of that date. *See* Dkt. 332 (Retailer Defendants), Dkt. 335 (JJCI).

- **Retailer Defendants' Proposed Schedule**

The Retailer Defendants' proposed date of March 9, 2023, to finalize custodians is untenable and excessive given that the Defendants have been in possession of Plaintiffs' written discovery since November 18, 2023 and the Master Complaints since December 16, 2023. Based on these facts, the Retailer Defendants should currently be able to identify custodians, identify non-custodial sources, and produce documents from those sources within thirty (30) days. The Retailer Defendants' proposal will undermine Plaintiffs' right to engage in a just and efficient fact discovery process.

# Keller | Postman

- **No Staggering of Document Production and Fact Discovery Deadlines**

The Defendants' proposal contains no buffer between the deadlines for document discovery and fact discovery. **Rather, under Defendants' proposal, all fact discovery must be completed a mere *14 days* before Plaintiffs' expert reports must be submitted**. Unlike JJCI, who at least purports to include a safeguard of completing a custodian's document production a week before his or her deposition, there is no such condition on the Retailer Defendants. Ex. A at ¶ 7. This effectively means Plaintiffs could receive voluminous document productions from the Retailer Defendants after their custodians' depositions and two weeks before the submission of expert reports. Such a result is unjust, and as outlined by Plaintiffs' proposal, it is wholly unnecessary.

We look forward to addressing these matters with the Court. Thank you for your consideration.

Respectfully submitted,

*/s/ Ashley C. Keller*
Ashley C. Keller (*Pro Hac Vice*)
KELLER POSTMAN LLC
150 N. Riverside Plaza LLC, Ste. 4100
Chicago, Illinois 60606
(312) 741-5220
ack@kellerpostman.com

WATTS GUERRA LLC
Mikal C. Watts (*Pro Hac Vice*)
Millennium Park Plaza RFO
Ste. 410, C112
Guaynabo, Puerto Rico 00966
(210) 447-0500
mcwatts@wattsguerra.com

THE LANIER LAW FIRM
W. Mark Lanier (*Pro Hac Vice*)
Tower 56
126 East 56th St., 6th Floor
New York, New York 10022
(212) 421-2800
mark.lanier@lanierlawfirm.com