# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: Acetaminophen – ASD-ADHD Products Liability Litigation | X : : : : : : : X | 22md3043 (DLC)<br><br>**ORDER REGARDING SCHEDULE FOR GENERAL CAUSATION DISCOVERY, RULE 702 MOTIONS, AND RULE 702 HEARING** |

Pursuant to the December 7, 2022 Order (DE 246) prioritizing discovery related to the issue of general causation, specifically whether prenatal exposure to acetaminophen products causes ASD and ADHD ("Phase One discovery"), and the Court's directives at the January 13, 2023 status conference, in furtherance of a just and speedy resolution of the disputed threshold question presented by this litigation regarding general causation, and for good cause shown,

**IT IS HEREBY ORDERED** that the schedule for general causation fact and expert discovery and the scheduling of Rule 702 proceedings in this case is as follows:

**General Causation Fact Discovery**

1. The parties shall meet and confer and reach agreement on search terms for Phase One discovery, or submit any disputed issues to the Court, by February 10, 2023.

> → **Plaintiffs' Proposed Additional Language:** None.
>
> → **Defendants' Proposed Additional Language:** Notwithstanding the foregoing, Defendants do not concede that the same set of search terms will be applied to

1

both JJCI and Retailer Defendant productions, but agree to continue to meet and confer with the Plaintiffs on this issue.

2. Confirmation of substantial completion :

→ **Plaintiffs' Proposal:** Defendants shall confirm to Plaintiffs by letter or email, by May 5, 2023, that each Defendant has reached substantial completion of production concerning all relevant documents responsive to search terms and/or discovery requests, including proper privilege assertions.

→ **Defendants' Proposal:** All Phase One fact discovery to be completed by June 2, 2023.

**As to JJCI's Custodial Productions:** As soon as possible, but no later than one week before each witness's scheduled deposition date, JJCI shall confirm with Plaintiffs' Co-Lead Counsel that the individual witness's custodial file production is substantially complete.

3. The scope of Phase One fact discovery as to JJCI, including written discovery, is set forth in the Court's January 12, 2023 Order (DE 340), and clarified as follows:

→ **Plaintiffs' Proposal:**
a. On or before February 10, 2023, JJCI shall respond to interrogatories, per Paragraph 6 of the January 12, 2023 Order.
b. As soon as possible, but no later than March 27, 2023, Plaintiffs shall identify up to five additional Phase One custodians for purposes of custodial productions, per paragraph 3 of the January 12, 2023 Order.
c. As soon as possible, but no later than one week before each witness's scheduled deposition date, JJCI shall confirm with Plaintiffs' Co-Lead Counsel that the individual witness's custodial file production is substantially complete.

2

→ **Defendants' Proposal:**

a. Within 30 days of entry of this Order, JJCI shall respond to interrogatories, per Paragraph 6 of the January 12, 2023 Order.

b. As soon as possible, but no later than 7 days after service of JJCI's interrogatory responses, Plaintiffs shall identify up to five additional Phase One custodians for purposes of custodial productions, per Paragraph 3 of the January 12, 2023 Order.

c. As soon as possible, but no later than March 10, 2023, Plaintiffs shall identify up to five JJCI Phase One custodians they wish to depose, per Paragraph 4 of the January 12, 2023 Order.  Within one week thereafter, JJCI shall provide two proposed deposition dates for each witness, from which, and within three days of receipt, Plaintiffs shall select the date they wish to proceed with each deposition.

d. As soon as possible, but no later than one week before each witness's scheduled deposition date, JJCI shall confirm with Plaintiffs' Co-Lead Counsel that the individual witness's custodial file production is substantially complete.

4. The Retailer Defendants will serve responses and objections to written discovery, the scope of which is set forth in the parties' January 11, 2023 Joint Status Report (DE 332), by:

→ **Plaintiffs' Proposal:** February 10, 2023

→ **Defendants' Proposal:** March 2, 2023

5. Plaintiffs and the Retailer Defendants shall finalize their agreement regarding Retailer custodians, depositions, including any 30(b)(6) depositions, or submit competing proposals on these issues by:

→ **Plaintiffs' Proposal:** February 17, 2023

→ **Defendants' Proposal:** March 9, 2023

6. The Retailer Defendants shall begin rolling productions of documents from non-custodial sources by **[DATE DISPUTED]**. Productions from custodial sources, to the extent applicable, will follow after custodians have been agreed upon or so ordered by the Court, pursuant to paragraph 5, above.

> → **Plaintiffs' Proposal:** within 30 days of entry of this Order, or March 10, 2023, whatever is earlier.

> → **Defendants' Proposal:** by March 17, 2023

7. Completion of Phase One Fact Discovery:

> → **Plaintiffs' Proposal:** Defendants' document productions limited to the issue of general causation shall be substantially completed on or before May 1, 2023. Phase One fact discovery shall be completed by June 16, 2023. Due to the expedited time frame within which Phase I discovery will be conducted, followed immediately by general causation expert discovery, the Defendants shall produce custodial and non-custodial documents on a rolling basis. Further, to ensure that relevant discovery is produced in advance of depositions, Defendants shall complete each custodian's production at least one week prior to said custodian's scheduled deposition.

> → **Defendants' Proposal:** Phase One fact discovery limited to the issue of general causation shall be completed by June 2, 2023. Due to the expedited time frame within which Phase One discovery will be conducted, Defendants shall produce custodial and non-custodial documents on a rolling basis.

8. (**AGREED**) Case-specific discovery as to Plaintiffs, including but not limited to Plaintiff Fact Sheets and medical record productions, shall be addressed by separate order consistent with the Court's December 1, 2022 Memo Endorsement (ECF 229).

4

**General Causation Expert Discovery**

9. Disclosure and limitations of expert subject matter areas:

> → **Plaintiffs' Proposal:** Disclosures are inappropriate within two weeks of entry of this Order and before document production has begun.

> → **Defendants' Proposal:** Within two weeks of entry of this Order, Plaintiffs shall provide defendants and the Court with a list of subject matter areas regarding which Plaintiffs intend to serve general causation expert reports, limited to disclosure of no more than **six** subject matter areas for purposes of general causation.

   a. Within two weeks thereafter, Defendants shall disclose any subject areas for which they intend to disclose expert testimony that are in addition to any subject matter areas disclosed by Plaintiffs.
   b. If such a disclosure is made by Defendants, within two weeks of said disclosure, Plaintiffs shall disclose whether or not they intend to designate an expert in that additional area(s).
   c. Notwithstanding the foregoing, Plaintiffs' or Defendants' decision to designate more than one expert in a given subject area shall not form good cause or the basis for expanding the total number of experts permitted to each side as set forth in Paragraph 10, below.

10. Limitations on the number of experts for Phase One discovery and Rule 702 proceedings:

> → **Plaintiffs' Proposal:** There shall be no limits as to the number of experts disclosed by any side.

> → **Defendants' Proposal:** For purposes of Phase One discovery and Rule 702 proceedings as set forth herein, each side (Plaintiffs and Defendants) is limited to disclosure of **eight** experts to be disclosed by any side for purposes of Phase One discovery and Rule 702 proceedings.

5

11. The general causation expert reports of the Plaintiffs, along with three dates for each expert's deposition, shall be served on Defendants' Lead Counsel on or before:

> → **Plaintiffs' Proposal:** June 30, 2023.

> → **Defendants' Proposal:** June 16, 2023.

12. The general causation expert reports of Defendants, along with three dates for each expert's deposition, shall be served on the Plaintiffs' Co-Lead Counsel on or before:

> → **Plaintiffs' Proposal:** July 31, 2023.

> → **Defendants' Proposal:** July 17, 2023.

13. Plaintiffs' Rebuttal Experts:

> → **Plaintiffs' Proposal:** The Plaintiffs shall serve rebuttal expert reports in accordance with Fed. R. Civ. Proc. 26 on or before August 11, 2023.

> → **Defendants' Proposal:** Plaintiffs are not entitled to rebuttal experts.

14. Defendants shall complete any depositions they desire to take of the Plaintiffs' general causation experts in this case by:

> → **Plaintiffs' Proposal:** August 25, 2023.

> → **Defendants' Proposal:** August 14, 2023.

15. Plaintiffs shall complete any depositions they desire to take of the Defendants' general causation experts in this case by:

> → **Plaintiffs' Proposal:** September 1, 2023.

> → **Defendants' Proposal:** September 12, 2023.

### **(AGREED) Rule 702 Briefing and Hearing Schedule**

16. Any Rule 702 motions that any party desires to file regarding any general causation expert in this case shall be filed on or before September 19, 2023.

17. Oppositions to any Rule 702 motions shall be filed on or before October 10, 2023.

18. Replies to any oppositions to any Rule 702 motions shall be filed on or before October 20, 2023.

19. At the Court's discretion, Rule 702 motions shall be heard during the week of December 4, 2023. Prior to this date, the Court will discuss with the parties the scope and logistics of any such hearing.

### **Phase Two Discovery**

20. Phase Two discovery shall be served by Plaintiffs following the submission of Rule 702 motions on October 20, 2023. At a later date, the Court will address the appropriate schedule to respond to Plaintiffs' discovery.

> → **Plaintiffs' Proposed Additional Language:** None.
>
> → **Defendants' Proposed Additional Language:**
> Notwithstanding the foregoing, Defendants' obligation to respond to or otherwise investigate responses to Phase Two discovery, including sales and marketing issues, is hereby stayed pending the Court's decision on the parties' Rule 702 motions.

7

Dated:   New York, New York

   _____, 2023

                                        _____
                                        HON. DENISE COTE
                                        United States District Judge