# ADDENDUM TO JANUARY 18, 2023 PROTECTIVE ORDER [DE 351]

## PRIVILEGED INFORMATION FOR PHASE 1 DISCOVERY

This Addendum to the January 18, 2023 Protective Order [DE 351] shall be deemed to be incorporated in the Order as if set forth there in full.

1. **General Principles.**

    a. A party may withhold from production information or documents on the grounds of attorney-client privilege and/or work product protection ("Privileged Information").

    b. The party asserting a privilege for material shall provide privilege log(s) explicitly identifying the privilege asserted for the material and containing information sufficient to enable the opposing party to assess the applicability of the privilege consistent with Fed. R. Civ. P. 26(b)(5) and Local Civil Rule 26.2.

    c. A privilege log should describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

2. **Specific Privilege Log Protocols.**

    a. Privilege logs provided in lieu of producing requested documents shall be produced within 10 business days after the date upon which the documents would have been required to be produced. The parties recognize that, based on the Phase One discovery schedule [DE 391], privilege logs are being produced on a condensed timeline, and therefore agree to meet and confer in good faith before submitting any disputes to the Court pursuant to ¶ 3, below.

    b. Privilege logs shall be produced in native Excel format and shall be timely updated and amended as appropriate.

    c. Privileged or work-product documents created after September 23, 2021 and prepared for the prosecution or defense of this action or constituting or disclosing communications within clients or between clients and their counsel related to this action shall be identified on the log by date range and Bates Number only.

    d. If only part of the document, communication or tangible thing is privileged, the party shall redact the privileged statement(s) or information and produce the partially redacted document, communication or tangible thing. No Party shall be required to list on a privilege log documents produced in redacted form as long as the reason for the redaction is apparent on the face of the document.

    e. If a document containing Privileged Information is part of an email thread as described in the ESI Protocol in this action, a Producing Party shall list on the privilege log only the most-inclusive email in the thread and shall include in a separate column on the log all information in the ALL_PARTICIPANTS field for that email.

f.  For emails with attachments, the email and attachment shall be treated separately. Any claims of privilege related to attachments to emails shall be asserted individually and separate from the underlying email communication.

g.  When a party asserting that a document constitutes or contains privileged information reasonably determines that the document is within one of the following categories, the party shall list on the privilege log the category number for that document. The agreed-upon categories are:

   i.  Communications involving outside counsel (a) seeking or providing legal advice or (b) seeking or providing information required by counsel to represent the client;

   ii. Emails, with attachments, from an attorney (a) providing legal advice or (b) seeking information required by the attorney to represent the client;

   iii. Emails, with attachments, to an attorney (attorney in the TO field) (a) seeking legal advice or (b) identifying or providing information required by the attorney to represent the client;

   iv. Emails, with attachments, copied to an attorney (attorney in the CC field) (a) seeking or identifying a request for legal advice or (b) identifying or providing information required by the attorney to represent the client;

   v.  Documents (not attached to emails) prepared or edited by an attorney in representing the client;

   vi. Documents (not attached to emails) prepared for or edited for review by an attorney in representing the client;

   vii. Emails between non-attorneys (a) identifying legal advice of, or a request for legal advice from, counsel, (b) identifying a request by counsel for information required to represent the client, or (c) identifying or constituting information provided or to be provided to counsel and required by counsel to represent the client;

   viii. Documents referring to legal advice; and

   ix. Status of legal matters, e.g., legal settlements.

h.  The log entry for each document shall list the following information available for the document:

   i.  the beginning Bates number of the document;

   ii. the nature of the privilege asserted (e.g., "attorney-client privilege" or "attorney work product");

   iii. if known, name(s) of the author(s) of the document;

      (1) If a document is an email thread, the name of the author on the most inclusive email in the thread shall be listed.

iv. if known, name(s) of the recipient(s) (i.e., persons shown in the TO, CC, and BCC fields)

      (1) If the document is an email chain, name(s) of the recipient(s) on the most recent email in the chain shall be listed, and the content of the ALL_PARTICIPANTS field shall be set out in a separate column.

v. if known, the date the document was created, sent (if applicable), and last modified (if applicable);

vi. the document type by file extension;

vii. the custodian(s) of the document;

viii. the category (as identified in ¶ 2.g above) to which the document reasonably can be assigned; and

ix. indication (e.g., with an asterisk) of which individual(s) (authors and recipients) are attorneys, paralegals, and/or legal personnel.

3. **Privilege Challenges.**

   a. Prior to filing a motion with the Court challenging a claim of privilege, as soon as possible after receipt of a designating party's privilege log, but no later than June 30, 2023 for any privilege log received before that date, the challenging party shall notify the designating party of the privileged claims being challenged, listing the documents individually by Bates number, and shall include a statement of the specific reason(s) for the challenge for each individual document.

   b. The designating party shall respond in writing to such objection(s) within 14 days and shall state with particularity the grounds for asserting privilege and/or de-designate and produce any documents or materials which are not privileged. In the event that the challenging party raises challenges to 50 or more documents, the parties shall meet and confer and agree to a reasonable extension of the 14-day response period.

   c. If a dispute cannot be resolved by agreement, within 7 days after the parties have exhausted meet and confer efforts, the challenging party shall present any privilege challenges it wishes to pursue to the Court by 2-page letter.

   d. Within 7 days thereafter, the designating party shall submit to the Court the documents at issue for *in camera* review, together with an *ex parte* declaration providing relevant context. If there are more than 10 documents subject to privilege challenge, the designating

party shall select 10 representative documents for *in camera* review based on the the categories within which the challenged documents fall (as identified in ¶ 2.g above).

e. Nothing herein shall shift or in any way alter the burden on establishing privilege protections by the party asserting privilege protections.

**SO ORDERED** the 4th day of April, 2023.

_____
The Hon. Denise L. Cote, U.S.D.J.