# EXHIBIT 1



Kristen L. Richer, Partner
2029 Century Park East, Suite 300
Los Angeles, CA 90067-2904
Tel (310) 284-3880
Fax (310) 284-3894
Kristen.Richer@btlaw.com

July 25, 2023

**VIA ECF**

The Honorable Denise L. Cote
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

*In Re: Acetaminophen ASD/ADHD Prods. Liab. Litig.*, 1:22-md-3043 (DLC)
**Joint Letter Regarding Amended Pleadings**

Dear Judge Cote,

The Parties write jointly to advise the Court of the outcome of their discussions regarding Plaintiffs' amendments to the pleadings following the Court's rulings on Defendants' motions to dismiss, and pursuant to the Court's Orders (DE 609, 724). The Parties are in general agreement regarding the filing of amended pleadings, and outline the scope of their agreement below.

First, Plaintiffs have agreed to amend their Master Complaints and Template Short Form Complaints to drop all strict liability misrepresentation claims and standalone apparent manufacturer claims in accordance with the Court's rulings (DE 603, 608), as well as all consumer protection claims, though Plaintiffs' Leadership has noted that they cannot control whether an individual Plaintiff chooses to separately assert such claims in their Short Form Complaints.

Second, in light of the Court's rulings concerning negligent misrepresentation by omission claims and the Court's April 27 Opinion and Order (DE 603), the Parties have also exchanged their respective positions on which states' laws do, or may, recognize a claim for negligent misrepresentation by omission. Although Defendants reserve all rights with respect to any claim for negligent misrepresentation by omission, the Parties have come to general agreement as to all but four states' laws. However, in light of the current, expedited general causation schedule, the Parties jointly believe our open disputes are better addressed at a later stage of the litigation, particularly as resolution of this issue is unlikely to dispose of all of a given plaintiff's claims under a specific state's laws. Therefore, as to the four states which remain in dispute – Kansas, Maryland, Michigan, and Wisconsin – the Parties agree that Plaintiffs may for now assert negligent misrepresentation claims under those states' laws in their amended pleadings, with the understanding that Defendants reserve all rights and expressly do not waive any defenses with respect to such claims, including the ability to challenge whether such a claim is even recognized under applicable law. The Parties jointly request that the Court allow Defendants to challenge any such negligent misrepresentation by omission claims at a later date, in the event Plaintiffs' claims proceed past general causation.

Subject to the above request and Defendants' reservation of all rights and defenses, Defendants have no objection to Plaintiffs filing their amended Master Complaints and amended Short Form Complaint Template, as discussed, in line with the July 25 deadline to do so. Plaintiffs will be filing their amended pleadings today.

Atlanta  Boston  California  Chicago  Delaware  Indiana  Michigan  Minneapolis
New Jersey  New York  Ohio  Philadelphia  Raleigh  Salt Lake City  Texas  Washington, D.C.

Third, and finally, Plaintiffs have agreed to voluntarily dismiss cases without prejudice that are governed by Texas law in accordance with the Court's Opinion and Order (DE 634), but the Parties have been unable to reach full agreement about the application of Texas law to 7 of the 9 cases[1] currently pending in which Texas law may—or as is Plaintiffs' position, may not—apply. These include:

*Arrellano v. Johnson & Johnson Consumer Inc., et al.*, 1:23-cv-3624
*Arredondo v. Johnson & Johnson Consumer Inc.*, 1:23-cv-3035
*Buendia v. Johnson & Johnson Consumer Inc., et al.*, 1:23-cv-4144
*Bowlin v. Johnson & Johnson Consumer Inc., et al.*, 1:23-cv-5045
*Lonzo v. Johnson & Johnson Consumer Inc.*, 1:23-cv-5629
*Nishman v. Johnson & Johnson Consumer Inc., et al.*, 1:23-cv-3640
*Rhead v. Johnson & Johnson Consumer Inc.*, 1:23-cv-3118

Defendants in these cases are of the view that, under appropriate choice of law analysis as set forth in the Court's Opinion and Order (DE 634), Texas law should, and does, apply to bar these claims, pursuant to the Texas safe harbor provision. Defendants submit that these cases should therefore be dismissed with prejudice. Plaintiffs' leadership disagrees and maintains that these cases are not subject to Texas law under a choice of law analysis and should not be dismissed at this time. As a general matter, Plaintiffs' leadership has agreed to stipulate that *if* Texas law applies, the cases should be dismissed.

Given the Parties' disagreement on this issue, counsel for Plaintiffs and Defendants have conferred about how and when to best resolve the handling of Texas cases, given the current, expedited expert schedule in which both sides are engaged, and in the interest of avoiding unnecessary briefing when the Parties' and the Court's efforts are focused on expert discovery. Defendants are of the view that this issue should be resolved later this year or, at minimum, prior to discussions regarding bellwether selection protocols or case-specific work-up, in the event the litigation proceeds past general causation. The Parties therefore jointly propose to table this issue through end of October. Following the close of briefing on general causation expert issues, Defendants may at any time elect to move for dismissal or, if relying on Plaintiffs' fact sheets in these cases, summary judgment on the application of Texas law to Plaintiffs' claims, so that these issues can be fully briefed for the Court's consideration. Defendants will first meet and confer with Plaintiffs prior to filing any such motion, and will advise the Court of their intent to move first.

The Parties appreciate the Court's consideration of the issues outlined in this letter and are available to discuss these issues or the Parties' joint proposals at the Court's convenience.

Respectfully submitted,
/s/ Kristen L. Richer

---

[1] Plaintiffs agree that Texas law applies to *Banda v. Johnson & Johnson Consumer Inc., et al.*, 1:23-cv-3634, and *Wilson v. Johnson & Johnson Consumer Inc., et al.*, 1:23-cv-5195 and have agreed to voluntarily dismiss those cases without prejudice.

BARNES & THORNBURG LLP