

Kristen L. Richer, Partner
2029 Century Park East, Suite 300
Los Angeles, CA 90067-2904
Tel (310) 284-3880
Fax (310) 284-3894
Kristen.Richer@btlaw.com

October 2, 2023

**VIA ECF**
The Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

>    *In re: Acetaminophen ASD/ADHD Prods. Liab. Litig.*, No. 1:22-md-3043 (DLC)
>    **Defendants' Letter Regarding Rule 702 Hearing Proposal**

Dear Judge Cote:

On behalf of Defendants and pursuant to Your Honor's September 20, 2023 Order (DE 1190), we write to provide the Court with Defendants' Rule 702 hearing proposal. As set forth below, Defendants respectfully submit that a Rule 702 hearing with live expert testimony is appropriate here, given the complexity and importance of the issues before the Court.

Specifically, Defendants propose that the parties endeavor to start and conclude the hearing the week of December 4, 2023, which is reserved for this purpose, and propose that the hearing proceed as follows:

- On October 6, 2023, the parties will exchange witness lists for which of their own experts they plan to call for direct testimony.
- By October 9, 2023, either side may supplement their lists in response to the other side's initial designations. The parties cannot compel the other side to bring a witness they have not otherwise designated.
- Each side will receive an equal amount of time to complete any direct, cross, redirect, and/or recross examination for all witnesses, to be divided among the witnesses however the party chooses. The specific number of hours may depend on the number of witnesses called to testify, but Defendants submit that 15-20 hours per side is likely sufficient.
- Plaintiffs will call their expert witnesses first, and Defendants will call their expert witnesses after Plaintiffs rest.
- At the close of testimony, each party will be permitted 90 minutes to present closing argument.

Defendants recognize that the Court, at its discretion, may wish to ask additional questions of the witnesses, or may ask that an expert that neither side has designated also attend.

During the parties' meet and confer, and in subsequent e-mail correspondence, Plaintiffs advised that, other than putting up their witnesses first, they do not oppose Defendants' proposal,

The Honorable Denise L. Cote
October 2, 2023
Page 2 of 2

but they instead prefer to leave the scope and logistics of the hearing to the Court's discretion, and to be determined at a later date after briefing on the parties' respective Rule 702 motions is complete. Of course, Defendants agree that the Court has discretion in how it structures the hearing, but Defendants respectfully submit that their proposal—which gives each side the ability to present live expert testimony on these issues, and affords the Court the opportunity to question the witnesses—best facilitates the Court's thorough consideration and examination of the scientific issues before it on the parties' respective Rule 702 motions.

The Second Circuit recognizes that Rule 702 "pretrial evidentiary hearings are 'highly desirable,'" in part because they afford the opportunity to "conduct cross-examination of the proposed expert." *Colon ex rel. Molina v. BIC USA, Inc.*, 199 F. Supp. 2d 53, 70 (S.D.N.Y. 2001) (quoting *Borawick v. Shay*, 68 F.3d 597, 608 (2d Cir. 1995)). And the Manual for Complex Litigation notes that Rule 702 hearings that include live expert testimony are preferable where, as here, the court must "consider a broader range of issues and delve more deeply into the underpinnings of expert testimony." Manual for Complex Litigation (Fourth) § 23.353 (2004) at 510–11.

With respect to the order of the expert testimony, structuring the Rule 702 hearing as Defendants propose enables the Court to examine each party's end-to-end science case sequentially, and in a fair manner, focusing on the question of expert admissibility. *See id.* at 510. Moreover, because each side's experts cover multiple and sometimes overlapping issues, and because the scope of each of Plaintiffs' experts' and Defendants' experts' opinions do not always line up head-to-head by person or by discipline, having Plaintiffs present all of their experts first, and Defendants present their experts second, is the most logical and orderly manner for structuring the testimony.

In sum, given the number of experts in this case, the scope of their opinions, the scientific and medical issues present before the Court, and the fact that the outcome of Defendants' motions potentially is dispositive of this litigation, Defendants respectfully submit that a comprehensive Rule 702 hearing, complete with live testimony and cross-examination, is warranted, and request the hearing proceed pursuant to the parameters outlined above. Defendants thank the Court for its consideration of these issues, and look forwarding to discussing them with the Court further on October 4.

                              Respectfully submitted,

                              */s/ Kristen L. Richer*