NA4BACEC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

IN RE:  ACETAMINOPHEN – ASD–ADHD,

PRODUCTS LIABILITY LITIGATION

                                  22 MD 3043 (DLC)

                                  Telephone Conference

------------------------------x

                                  New York, N.Y.
                                  October 4, 2023
                                  3:00 p.m.

Before:

                    HON. DENISE COTE,

                            District Judge

                      APPEARANCES

KELLER POSTMAN, LLC
     Attorneys for Plaintiffs
BY:  ASHLEY KELLER

BARNES & THORNBURG, LLP
     Attorneys for Defendants
BY:  KRISTEN L. RICHER
        -AND-
SKADDEN ARPS SLATE MEAGHER & FLOM, LLP
     Attorneys for Defendants
BY:  ALLISON M. BROWN

NA4BACEC

(Case called)

THE COURT:  Who is going to be speaking on behalf of the plaintiff?

MR. KELLER:  Good afternoon, your Honor.  This is Ashley Keller.  I'll be speaking for the plaintiff.

THE COURT:  Thank you.  And who will be speaking on behalf of the defendant?

MS. RICHER:  Good afternoon, your Honor.  This is Kristen Richer.  I will be, but I'm also joined by my colleague today Allison Brown from Skadden who will also be weighing in on some of these issues.

MS. BROWN:  Goof afternoon, your Honor.

THE COURT:  Good afternoon, Ms. Brown.  Thank you all for making yourselves available.  The defendants have asked for a conference with me in order to understand what the scope of any *Daubert* hearing might be in December.  And I received letters from plaintiffs' counsel and defense counsel with respect to that issue, and I thought it might be helpful if I just share some initial reaction to this request.

First of all, it's in my experience unusual to have a hearing in which the expert testify, unless there are issues that need to be explored more thoroughly with in-court testimony when you have fully submitted documents.  It is usually sufficient to address those motions by reviewing with care the papers, the reports, the parties' arguments, and if

NA4BACEC

necessary deposition transcripts that they submitted to you. And of course in this case I plan to read as well the underlying studies done by scientists on which the plaintiffs' experts and defense experts with particular emphasis.

I also feel free to ask for expert testimony to be given if there's anything I don't feel I understand sufficiently, or there are any areas in which I think expert testimony could be a particular assistance to me.  And I certainly will do so in this case.  I know that I will give counsel an opportunity to be heard in December as oral argument, but I'm not certain yet that I need to hear from any individual expert in their testimony.  I'm quite sure I won't need to hear from most of the experts.  There's a lot of emphasis placed on a few of the experts whose views are pivotal here.  And if I thought a hearing was necessary, I'm quite sure I wouldn't require each of the experts to appear and testify during the week we set aside.

So my expectation right now is that we'll have oral argument from counsel on a particular date during the week that we set aside.  And that unless I give you notice, which I try to do as soon as I could, that I would find it helpful to have an expert appear, I don't expect we'll need expert testimony on these *Daubert* motions.

Now, I certainly don't want to have a hearing in which experts testify simply to have them regurgitate what was in

NA4BACEC

their expert reports, or for counsel to question them on issues that are adequately covered already in the depositions that were taken of the experts or presented in the briefing.  So I need to understand if I didn't myself require testimony from an expert, why a party believes it would be helpful to me to nonetheless have testimony from one or more experts.

Ms. Richer, I'll hear from you first.

MS. RICHER:  Thank you, your Honor.  Our experience has been -- and I'll be sure to have Ms. Brown weigh in on this too because that's part of the reason we wanted her here today -- our experience has been that it is helpful in litigations where there has been live expert testimony to have them presented before the Court.  And do not regurgitate materials that have already been covered in their opinions or in their reports, but to follow-up on issues that have been raised in the brief.  And as your Honor notes, perhaps to give the Court an opportunity to question them about issues that it may have questions on after having reviewed the brief.  And with that, I'll turn it over to Ms. Brown so she can weigh in on this as well.

MS. BROWN:  Thank you very much, and good afternoon again, Judge.  I was involved in the *Daubert* hearing involving Talc just a few years ago where we did have live testimony from witnesses from both sides in a hearing that took about seven or eight days.  And I certainly hear the Court's concern, and I

NA4BACEC

know Judge Wilson who we were in front of in the District of New Jersey had the same concern, that it would not be the best use of the Court or the parties' time to have experts come in and simply regurgitate what's not only in their report, but perhaps what they also testified to at depositions.

So what we were able to do there, and I think what we envision we had hoped to do here with the Court's approval and guidance, would be to put experts on in a more tailored fashion to answer and explain some of the issues that have been raised in the briefing; which of course took place after the time of the reports, after the time of the deposition.  That was meant to be the focus of the live expert testimony in the *Daubert* hearing.  And I think it worked pretty well from the point of view of all the parties, and the Court as well, because it gave Judge Wilson an opportunity to ask the witness questions.  And it gave the parties an opportunity to explain some of the issues that had been read in the briefing.

So I certainly hear the Court and share the concerns that it wouldn't be useful to simply have people come in and regurgitate what the Court already has access to.  But I do think based on your recent experience, it was helpful to have witnesses there live to explain some of the issues that's now been raised in the briefing.

THE COURT:  Well, if you can identify any issues that you don't think are adequately explained on the written record

NA4BACEC

that will be fully submitted before me in some weeks, certainly you should take that opportunity to identify which experts you think need to further elucidate what they said; or where you, as counsel, feel you need a further opportunity to clarify. But it's premature now. We don't even have the opposition briefing, much less the reply.

So before we close this off, I want to you, Mr. Keller, an opportunity to be heard.

MR. KELLER: Thank you, your Honor. Again, Ashley Keller for the plaintiffs. From our perspective, your approach makes sense. We're of course happy to make any of our experts available to your Honor if it would help you decide the 702 motions, but we don't think that we should do it just for procedure sake. And so we'll take guidance from your Honor and make those experts available if you'd like to call them. And otherwise, we'll prepare for any hearing that you'd like to have in whatever structure you deem most useful.

THE COURT: Thank you. Is there anyone else who wishes to be heard? Thank you all, counsel. I wish you a good day.

(Adjourned)