
## BARNES & THORNBURG LLP

Kristen L. Richer
2029 Century Park East, Suite 300
Los Angeles, CA 90067-2904
Tel (310) 284-3798
Fax (310) 284-3894
Kristen.Richer@btlaw.com

October 20, 2023

**VIA ECF**
The Honorable Denise L. Cote
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

Granted.
Denise Cote
10/30/23

### *In Re: Acetaminophen ASD/ADHD Prods. Liab. Litig.*, 1:22-md-3043 (DLC)
### Defendants' Letter Motion to File Under Seal

Dear Judge Cote,

    Defendants respectfully submit this letter brief to request that certain portions of the Defendants' Reply Memoranda of Law in Support of their Motions to Exclude Plaintiffs' Experts' Opinions Regarding Autism Spectrum Disorder and Biological Plausibility/Mechanism be filed under seal, with redactions, pursuant to the Stipulated Protective Order (DE 351) (the "Protective Order") and Rule 8-B of the Court's Individual Practices.[1] Specifically, Defendants seek to redact certain direct quotes, descriptions, summaries or characterizations of confidential company documents and testimony that were produced by Johnson & Johnson Consumer Inc. in Phase 1 discovery, pursuant to the Protective Order.

    Commercial privacy interests mandate that this limited information should be filed under seal. *See, e.g., Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (assertion that competitive injury may result from public disclosure is "a sufficient basis to grant defendants' motion to seal"); *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard."); *Carbon Inv. Partners, LLC v. Bressler*, No. 20-CV-03617 (ER), 2020 WL 5441497, at *3 (S.D.N.Y. Sept. 10, 2020) (citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)) ("The Second Circuit has recognized that business secrecy and privacy interests all warrant sealing notwithstanding the presumption of public access."). The company document quotations and references included in the Memoranda contain or reflect confidential, intracompany communications and analysis. The information involves proprietary internal information; public disclosure could give rise to competitive injury by providing insight into Defendants' internal analysis and processes.

    Further, privacy interests mandate that company employee names contained in the referenced documents be redacted. *See, e.g., Kewazinga*, 2021 WL 1222122, at *5 (redacting "personal information of non-parties" due to "significant privacy interests" and "the lack of relevance of this information to any issue in th[e] litigation"). The release of non-party personal

---

[1] On October 10, 2023, Plaintiffs made a similar request with respect to the same material (DE 1232), which the Court granted on October 11, 2023 (DE 1272).

Hon. Denise L. Cote
October 20, 2023
Page 2 of 2

information here poses substantial privacy risks and a threat of undue harassment to these individuals.

Pursuant to the Protective Order and Rule 8-B of the Court's Individual Practices, Defendants will contemporaneously file the proposed sealed portions of the Memoranda with redactions in the ECF system and electronically relate those documents to this letter motion.

Respectfully submitted,

*/s/ Kristen L. Richer*