# Keller | Postman

November 20, 2023

**VIA ECF**

The Honorable Denise L. Cote
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

Re:   *In Re: Acetaminophen – ASD–ADHD Products Liability Litigation*, Case No. 1:22-md-03043 (S.D.N.Y.) – Consent Motion to Sever & Stay Claims Against Rite-Aid
**This Document Relates To:** All Cases

Dear Judge Cote:

Following up on our October 16, 2023 letter, Dkt. 1299, Plaintiffs seek to sever Rite-Aid Corporation ("Rite-Aid") from all cases where Rite-Aid is not the only named defendant. Plaintiffs met and conferred with Rite-Aid's bankruptcy counsel who consented to this motion. Rite-Aid then sought and obtained relief from the automatic stay for the limited purpose of severing Rite-Aid from cases in this litigation where Rite-Aid is not the only named defendant. Stip. & Consent Order, *In re Rite Aid Corp., et al.*, No. 23-18993 (D.N.J. Bankr.), Dkt. 570. Plaintiffs therefore respectfully request that the Court sever Rite-Aid from cases where it is not the only named defendant pursuant to Fed. R. Civ. P. 21. Plaintiffs have provided a list of these cases as **Exhibit A**.[1]

Pursuant to Rule 21, "the court may at any time, on just terms, add or drop any party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. "Courts may order a Rule 21 severance when it will serve the ends of justice and further the prompt and efficient disposition of litigation." *Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd.*, 806 F. Supp. 2d 712, 720 (S.D.N.Y. 2011).

"It is well-established that stays pursuant to § 362 are limited to debtors and do not encompass non-bankrupt co-defendants." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 288 (2d Cir. 2003) (quoting *Teachers Ins. & Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986)). As a result, courts routinely exercise their authority to sever claims under Rule 21 when one defendant in pending litigation files for bankruptcy and the remaining codefendants have not sought bankruptcy protection. *See, e.g., Sanchez v. El Rancho Sports Bar Corp.*, No. 13-CV-5119 (RA), 2015 WL 3999161, at *2 (S.D.N.Y. June 30, 2015); *E.I. Du Pont Ne Nemours & Co. v. Fine Arts*

---

[1] Although Plaintiffs initially previewed their intention to seek an indefinite stay of cases where Rite-Aid is the only named defendant, Dkt. 1299 at 1, the filing of Rite Aid's bankruptcy petition automatically stayed that single case, *McKinney, et al v. Rite Aid Corporation*, No. 1:22-cv-08818, pursuant to 11 U.S.C. § 362(a). *See generally In re Fugazy Exp., Inc.*, 982 F.2d 769, 776 (2d Cir. 1992).

# Keller | Postman

*Reproduction Co.*, No. 93 Civ. 2462 (KMW), 1995 WL 312505, at *5 (S.D.N.Y. May 22, 1995). That ensures that a bankrupt defendant is afforded the protections provided by the automatic stay while preventing the "significant[] prejudice[]" that would result to plaintiffs if one defendant's bankruptcy could stay the entire case. *Sanchez*, 2015 WL 3999161, at *2. Non-debtor defendants do not suffer prejudice "because [they are] not entitled to benefit from the [debtors'] bankruptcy stay." *Id.*; *see also Queenie, Ltd.*, 321 F.3d at 288.

Severing Rite-Aid will ensure that it enjoys the full benefit of the automatic stay to which it is entitled as a debtor in bankruptcy while simultaneously permitting the remaining parties to the action to continue litigating. That is the just outcome under these circumstances.

Thank you for your consideration of this request.

Sincerely,

*/s/ Ashley Keller*
Ashley C. Keller (*Pro Hac Vice*)
KELLER POSTMAN LLC
150 N. Riverside Plaza LLC, Ste. 4100
Chicago, Illinois 60606
(312) 741-5220
ack@kellerpostman.com

2

# Exhibit A

## Cases where Rite-Aid is not the only named Defendant:

*Bagley et al. v. Johnson & Johnson Consumer Inc. et al.*, case no. 1:23-cv-06321-DLC
*Bryan et al. v. Johnson & Johnson Consumer Inc. et al.*, case no. 1:23-cv-03550-DLC
*Contreras et al. v. Big Lots, Inc. et al.*, case no. 1:22-cv-09878-DLC
*Correll et al. v. CVS Health Corporation et al.*, case no. 1:22-cv-09056-DLC
*Gonowrie et al. v. Johnson & Johnson Consumer Inc. et al.*, case no. 1:23-cv-08964-DLC
*Green et al. v. Johnson & Johnson Consumer Inc. et al.*, case no. 1:23-cv-05419-DLC
*Greer et al. v. Johnson & Johnson Consumer Inc. et al.*, case no. 1:23-cv-08449-DLC
*Johnson et al. v. Johnson & Johnson Consumer Inc. et al.*, case no. 1:23-cv-05655-DLC
*Knighten et al. v. Johnson & Johnson Consumer Inc. et al.*, case no. 1:23-cv-06580-DLC
*Lindberg et al. v. CVS Pharmacy, Inc. et al.*, case no. 1:23-cv-09041-DLC
*Murray v. Johnson & Johnson Consumer Inc. et al.*, case no. 1:23-cv-05689-DLC
*Norfleet et al. v. Johnson & Johnson Consumer Inc. et al.*, case no. 1:23-cv-05687-DLC
*Richard et al. v. Johnson & Johnson Consumer Inc. et al.*, case no. 1:23-cv-05649-DLC
*Ricotta et al. v. Johnson & Johnson et al.*, case no. 1:22-cv-09285-DLC
*Ruiz et al. v. Costco Wholesale Corporation et al.*, case no. 1:23-cv-09072-DLC
*Smith et al. v. Johnson & Johnson Consumer Inc. et al.*, case no. 1:23-cv-04725-DLC
*Sutton et al. v. Johnson & Johnson Consumer Inc. et al.*, case no. 1:23-cv-05686-DLC
*Thompson et al. v. Walmart Inc. et al.*, case no. 1:23-08816-DLC
*Wagner et al. v. Johnson & Johnson Consumer Inc. et al.*, case no. 1:23-cv-07220-DLC
*Wells et al. v. Johnson & Johnson Consumer Inc. et al.*, case no. 1:23-cv-06333-DLC