# Keller | Postman

January 12, 2024

**VIA ECF**

The Honorable Denise L. Cote
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

Re:   *In Re: Acetaminophen – ASD–ADHD Products Liability Litigation*, Case No. 1:22-md-03043 (S.D.N.Y.) – Plaintiffs' Proposal in Response to Court's Order, Dkt. 1382
**This Document Relates To:** All Cases

Dear Judge Cote:

Pursuant to the Court's Order, Dkt. 1382, Plaintiffs' Leadership proposes the following next steps. Leadership's position is guided by two principles of law. First, while MDLs exist to enhance judicial efficiency, "[c]ases consolidated for MDL pretrial proceedings ordinarily retain their separate identities." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 413 (2015). "That means an MDL court's determination of the parties' rights in an individual case must be based on the same legal rules that apply in other cases, as applied to the record in that case alone." *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 841 (6th Cir. 2020). The "same legal rules" applicable to all cases include the Federal Rules of Civil Procedure. Second, individual litigants in MDLs are entitled to due process of law. *Home Depot USA, Inc. v. Lafarge N. Am., Inc.*, 59 F.4th 55, 62 (3d Cir. 2023) ("[N]either MDL centralization nor any other procedural device can 'impose the heavy toll of a diminution of any party's rights.'" (citation omitted)). At a minimum, that guarantee includes notice, an opportunity to be heard, and the right to be represented by counsel of choice. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950).

With those principles in view, Leadership's proposal addresses three distinct points: (1) next steps for plaintiffs bound by the Court's Rule 702 Order; (2) which plaintiffs are bound by that Order; and (3) next steps for plaintiffs not yet bound by the Order.

*First*, for plaintiffs bound by the Court's Rule 702 Order, the logical next step is to proceed to summary judgment. Defendants would typically move for that relief. Fed. R. Civ. P. 56(a). Alternatively, the Court could indicate its intent to enter summary judgment on its own initiative. Fed. R. Civ. P. 56(f). Leadership is amenable to either approach, and proposes that Defendants move for, or the Court indicate its intent to grant, summary judgment by February 1, 2024, with plaintiffs' oppositions due February 22, 2024. Leadership plans to recommend that affected plaintiffs file a joint, one-page opposition arguing that the five excluded experts in fact offered admissible testimony. The Court can then grant summary judgment and contemporaneously set out a separate entry of judgment under Rule 58(c).

Defendants prefer that the Court dismiss plaintiffs' cases pursuant to a stand-alone order to show cause. The Federal Rules do not authorize that approach. Rule 12 is how a court may

# Keller | Postman

dismiss an action on the pleadings, Rule 50 allows dismissal during trial, and Rule 56 is how a court dismisses at this procedural posture. As outlined below, the Court can issue an order to show cause why *summary judgment* should not be granted, but consistent with the "same legal rules" applicable to all civil actions, Rule 56 is the vehicle that authorizes final judgments here.

*Second*, consistent with due process, Leadership submits that only plaintiffs whose actions were before this Court on or before June 16, 2023—that is, the date the five excluded experts submitted initial reports—are bound by the Rule 702 Order. At the latest, the Order binds plaintiffs whose actions were in this Court prior to December 18, 2023. *Cf. Home Depot*, 59 F.4th at 64; *Fed. Ins. Co. v. 3M Co.*, 642 F. Supp. 3d 882, 895 (D. Minn. 2022) ("After an MDL is formed, parties continue to be the master of their individual cases and can take positions different from the other parties ostensibly on the same side.").

*Third*, Leadership proposes that the Court order filed and future not-yet-bound plaintiffs to show cause why summary judgment should not be entered. By March 7, 2024 (14 days after Leadership's proposed summary judgment opposition) for filed cases, within 14 days of direct filing a new case in the MDL, or within 14 days of a case's transfer to the MDL, as applicable, a not-yet-bound plaintiff must oppose summary judgment by producing evidence of general causation. Plaintiffs who do not do so shall be deemed to rely on the excluded experts' opinions such that the Court can grant summary judgment. If a not-bound plaintiff does purport to produce evidence of general causation, Defendants shall have 30 days to move to exclude that evidence, with the local rules governing the timelines for opposition and reply briefing. This approach comports with how MDLs achieve efficiency while respecting individual litigants' due process rights. *Home Depot*, 59 F.4th at 66 (collecting cases). It mirrors this Court's order in *In re Eliquis*, No. 17-md-02754, Dkt. 45.

Defendants propose a stay of all not-yet-bound plaintiffs' actions pending the appeals of *other*, soon-to-be dismissed plaintiffs' cases. "A stay is an 'intrusion into the ordinary processes of administration and judicial review,'" so Defendants "bear[] the burden of showing" that it is warranted. *Nken v. Holder*, 556 U.S. 418, 427, 434 (2009) (citation omitted). Defendants must demonstrate *all four Nken* factors. *Maldonado-Padilla v. Holder*, 651 F.3d 325, 328 (2d Cir. 2011). They cannot satisfy any of them. (1) Defendants cannot show they are likely to succeed against an argument they have not yet seen that an individual plaintiff has not yet made. (2) Whatever costs Defendants are concerned they will incur, "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974). (3) A stay will substantially injure plaintiffs. For the vast majority that Leadership expects to stand on the excluded opinions, a stay deprives them of a final judgment and the opportunity to appeal. It is no answer to say that *other* appealing plaintiffs will adequately safeguard their interests in the Second Circuit. Litigants have a right to appellate counsel and appellate arguments of their choosing. For any plaintiff who would submit new grounds, a stay pending an appeal that will not control her case is injurious to her right to expeditious access to justice. (4) As this Court noted, this case is vitally important to public health. Dkt. 1381 at 49. Should any plaintiff substantively respond to the order to show cause, the public interest favors a ruling, not an indefinite stay.

Thank you for your consideration of Leadership's proposal.

Keller | Postman

Sincerely,

**KELLER POSTMAN LLC**

*/s/ Ashley C. Keller*
Ashley C. Keller (*Pro Hac Vice*)
KELLER POSTMAN LLC
150 N. Riverside Plaza
Suite 4100
Chicago, IL 60606
Phone: (312) 741-5220
ack@kellerpostman.com

WATTS GUERRA LLC
Mikal C. Watts (*Pro Hac Vice*)
Millennium Park Plaza RFO
Suite 410, C112
Guaynabo, P.R. 00966
Phone: (210) 447-0500
mcwatts@wattsguerra.com

THE LANIER LAW FIRM
W. Mark Lanier (*Pro Hac Vice*)
535 Madison Avenue
12th Floor
New York, NY 10022
Phone: (212) 421-2800
mark.lanier@lanierlawfirm.com

*Plaintiffs' Co-Lead Counsel*