

Kristen L. Richer, Partner
2029 Century Park East, Suite 300
Los Angeles, CA 90067-2904
Tel (310) 284-3880
Fax (310) 284-3894
Kristen.Richer@btlaw.com

January 12, 2024

**VIA ECF**

The Honorable Denise L. Cote
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

>   *In Re: Acetaminophen ASD/ADHD Prods. Liab. Litig*., 1:22-md-3043 (DLC)
>   **Defendants' Letter Regarding Future MDL Proceedings**

Dear Judge Cote,

  Pursuant to the Court's December 18, 2023 Order (DE 1382), Defendants write to advise the Court regarding their proposal for next steps in this litigation. Although the Parties agree on the implications of the Court's Rule 702 Opinion and Order granting Defendants' Motions to Exclude the Plaintiffs' Expert Testimony (DE 1381) ("Rule 702 Order"), they differ as to certain details regarding the scope of cases affected by the Rule 702 Order and the handling of any future cases.

  Based on meet and confer discussions, Defendants understand the Parties are in agreement on three general principles: (1) the Rule 702 Order is dispositive as to all of Plaintiffs' claims, such that final judgment should be entered in favor of Defendants; (2) for purposes of efficiency, any appeal by Plaintiffs of the Rule 702 Order would be best pursued through a single, consolidated brief and filed under a single notice, rather than by any individual member case; and (3) the MDL should remain open while Plaintiffs' appeal is pending so that future cases, if any, may be filed in or transferred to the MDL.

  Where the Parties diverge is on the mechanism and scope of final judgment, specifically: (1) whether dismissal should be effectuated via order to show cause or a summary judgment motion; (2) which individual actions are governed by the Rule 702 Order; and (3) the procedure to address any future cases. Defendants' position on each of these points is as follows:

  *First,* as to mechanism, Defendants request permission to file a motion for entry of an order to show cause, which would require Plaintiffs' Leadership to demonstrate within 14 days why final judgment under Rule 56 should not be entered in each case pending as of the date of the order to show cause. Within 14 days thereafter, Defendants would have the opportunity to respond in kind prior to the Court's ruling. Under *Celotex v. Catrett,* 477 U.S. 317, 325 (1986), Defendants' burden of moving under Rule 56 is "discharged" by "pointing out to the district court that there is an absence of evidence to support [Plaintiffs'] case," a step already satisfied by the Court's Rule 702 Order. No legitimate purpose would be served by requiring a formal Rule 56 motion, and the Court is clearly authorized to proceed on a show cause basis given the Supreme Court's observation in *Celotex* that, if it wishes, a court may grant summary judgment *sua sponte* as long as plaintiff is on notice that "she needs to come forward with all of her evidence." *Id.* at 326. In light of the Court's holding in the 702 Order that "the plaintiffs do not have admissible evidence to demonstrate that prenatal exposure to acetaminophen causes either ASD or ADHD in offspring" that is precisely what a show cause process would do here. Defendants' show cause proposal is efficient, saves time and resources by avoiding unnecessary briefing, and appropriately places the

burden on Plaintiffs to show that they have sufficient admissible evidence to carry their burden of proof at trial. The Court has made clear, and it is undisputed, that because Plaintiffs have no admissible evidence to support a finding of general causation, the Rule 702 Order is dispositive of Plaintiffs' claims. There is no need to rehash the same arguments via summary judgment briefing.

*Second*, as to scope, Defendants respectfully submit that all cases pending as of the date that this Court issues the proposed Order to Show Cause or, at minimum, all cases pending when the Court issued its Rule 702 Order (on December 18, 2023) should be subject to the requirements therein. Defendants object to Plaintiffs' suggestion that under the guise of "due process," June 16, 2023 (the date Plaintiffs served expert reports) somehow delineates those individual plaintiffs who have and have not had a meaningful opportunity to be heard on the crucial element of general causation. All plaintiffs have been "heard" through their leadership, "charged with acting for all plaintiffs" (DE 62 at ¶ 2). To suggest otherwise undercuts the purpose of this MDL: to consolidate cases with common issues of law and fact to promote judicial economy and efficiency.[1] One such common issue—general causation—has been at the forefront of this litigation since its inception,[2] and has remained a priority for the Parties and this Court.[3] Plaintiffs' proposal would effectively allow individual plaintiffs the opportunity to relitigate general causation 362 times (the number of cases filed since June 16) simply because their leadership did not prevail. No such plaintiff, at any point, objected to their leadership's disclosed expert witnesses or to their initial, amended, or rebuttal reports. Similarly, none requested an opportunity to participate in the taking or defending of expert depositions, sought leave to file additional Rule 702 briefing, petitioned for permission to participate in oral argument, or made any other attempt to diverge from the decisions of Plaintiffs' Leadership. To carve them out of the scope of the Court's Rule 702 ruling now flies in the face of established MDL practice, and is neither just nor efficient.

*Finally,* as to later filed cases, in an effort to address any purported "due process" concerns raised by Plaintiffs, Defendants propose that any cases filed in or transferred to this MDL after the Court issues its Order to Show Cause be stayed pending Plaintiffs' forthcoming appeal. This furthers the purpose and function of the MDL, and avoids the inefficiency created were Defendants and the Court forced to address individual plaintiffs' attempts to submit new general causation evidence in the MDL, while dismissed plaintiffs simultaneously pursue an appeal on the same common issue. If the Court is not inclined to stay future filed cases pending the outcome of the Second Circuit appeal, because there are legitimate concerns as to how future plaintiffs would meet their Rule 11 obligations given the findings in the Rule 702 Order, Defendants respectfully request that any future cases should be required to show cause within 14 days of filing in or transferring to the MDL as to why the Rule 702 Order does not bar their claims. However, even this simplified show cause process has the potential to disrupt the appellate process and the law of the case in the MDL moving forward.

Defendants appreciate the Court's consideration of the proposal outlined above, and are available to discuss further at the Court's convenience.

Respectfully submitted,
*/s/ Kristen L. Richer*

---

[1] Indeed, this MDL was formed to address "the issues concerning general causation, the background science, and regulatory history" through "centralization in the Southern District of New York [in order to] serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." Transfer Order, DE 1 at 1-2.

[2] *See, e.g.,* Transcript of Sept. 29, 2022 Hearing on Motion to Transfer before the JPML at 16:15-17:10 (discussing the issue of general causation).

[3] *See* DE 1381 at 8-9 (setting forth general causation procedural history in the MDL).

**BARNES & THORNBURG** LLP