# Keller | Postman

February 15, 2024

**<u>VIA ECF</u>**

The Honorable Denise L. Cote
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

Re.  *In Re: Acetaminophen – ASD–ADHD Products Liability Litigation*, Case No. 1:22-md-03043 (S.D.N.Y.) – Mota Plaintiffs' Proposal in Response to Court's Order, Dkt. 1401
**This Document Relates To:**
***Stokes et al. v. Johnson & Johnson Consumer Inc.*, 1:23 cv- 11278**; ***Phippen et al. v. Johnson & Johnson Consumer Inc.*, 1:23-cv-11079**; ***Bordoy et al v. Johnson & Johnson Consumer Inc.*, 1:24-cv-693**; ***Day et al. v. Johnson & Johnson Consumer Inc. et al.*, 1:23-cv-11252**; ***Mota et al. v. Johnson & Johnson Consumer Inc.*, 1:23-cv-11074**

Dear Judge Cote:

Pursuant to the Court's February 5, 2024 Order, Dkt. 1401, the parties met and conferred about a proposed path forward for the Mota Plaintiffs. A point of common ground is that, if ordered by the Court, Defendants will submit their response to the Mota Plaintiffs' Order to Show Cause Memorandum on March 1. But at the threshold, the parties disagree on whether that response is even warranted. Defendants maintain that their alternative, two-page letter submission will demonstrate why no response is required such that summary judgment can be immediately entered against the Mota Plaintiffs. The Mota Plaintiffs do not know what brief arguments Defendants plan to raise, but they are very likely to disagree that their detailed opposition to summary judgment can be defeated, without a reply, in a two-page letter brief.

If the Court orders Defendants to file a full response to the Mota Plaintiffs' order to show cause brief, the parties further disagree about what ground that response should cover. The Mota Plaintiffs maintain that Defendants should engage with and oppose the substantive argument the Mota Plaintiffs raised. Namely, that having filed their cases after the Court's December 18, 2023 order excluding plaintiffs' general causation experts, they have a due process right to designate their own expert. *See* Dkt. 1399. If limited to that threshold question, the Mota Plaintiffs propose that they file their reply brief on March 8, consistent with the local rules.

But the Mota Plaintiffs understand that Defendants intend to also attack the substance of Dr. Ness's expert report, submitted on the record after the Mota Plaintiffs' show cause response on February 7, 2024, Dkt. 1404. Because Dr. Ness supposedly does not offer admissible testimony, Defendants will argue, the Mota Plaintiffs cannot show cause why they should not have summary judgment entered against them. The Mota Plaintiffs respect Defendants' right to challenge the admissibility of Dr. Ness's opinions. But as the Court and the parties are well aware, the admissibility of expert testimony is governed by Rule 702, and arguments about whether Dr.

# Keller | Postman

Ness meets Rule 702's standard are hardly responsive to an order to show cause brief that exclusively addressed the principles of due process, *res judicata*, and law of the case.

Nevertheless, the Mota Plaintiffs recognize that the Court and Defendants are familiar with the background science and facts associated with general causation. So if the Defendants are content to make their inadmissibility arguments based solely on the existing record—without deposing Dr. Ness or seeking further discovery—Plaintiffs do not object to that approach. They request, however, that the Court afford them 21 days to respond by way of "reply," as in reality that brief will serve as their opposition to Defendants' motion to exclude Dr. Ness's testimony. Defendants do not oppose this deadline.

If Defendants choose not to submit substantive Rule 702 arguments in their March 1 opposition, or if the Court orders that limitation, the Defendants propose that the parties meet and confer on a path forward only after this Court issues an order finding no cause to grant summary judgment at the present time. The Mota Plaintiffs propose an efficient schedule below.

| Deadline | Activity |
|---|---|
| March 1 | Defendants file a response limited to arguments raised in Mota Plaintiffs' show cause response, Dkt. 1399. |
| March 8 | Mota Plaintiffs file a reply in support of their show cause response (unless Defendants raise substantive Rule 702 arguments). |
| 30 days after a ruling denying cause to grant summary judgment | Expert discovery relating to Dr. Ness, including Dr. Ness's deposition, shall be completed. |
| 30 days after Dr. Ness's deposition | Defendants file their Rule 702 motion to exclude Dr. Ness. |
| 30 days after Rule 702 motion | Mota Plaintiffs file an opposition brief to Defendants' Rule 702 motion. |
| 14 days after Rule 702 response | Defendants file a reply brief in support of their Rule 702 motion. |

Thank you for your consideration of the Mota Plaintiffs' proposal.

Sincerely,

*/s/ Ashley C. Keller*
**KELLER POSTMAN LLC**
Ashley C. Keller – *Pro Hac Vice*
150 N. Riverside Plaza Suite 4100
Chicago, IL 60606
Phone: (312) 741-5220

2

# Keller | Postman

Fax: (312) 971-3502
ack@kellerpostman.com
***Counsel for Sarah Stokes, individually and as general guardian of K.G., Michelle Phippen, individually and as general guardian of P.P. and L.A., and Jessica Mota, individually and as general guardian of M.M.***

*/s/ Brett A. Emison*
**LANGDON & EMISON, LLC**
Brett A. Emison (Pro Hac Vice)
911 Main Street, P.O. Box 220
Lexington, MO 64067
Phone: (660) 259-7199
Fax: (660) 259-4571
brett@lelaw.com
***Counsel for Alisha Day, individually and as general guardian of A.D.***

*/s/ Daniel C. Burke*
**BERNSTEIN LIEBHARD LLP**
Daniel C. Burke, Esq.
10 East 40th Street
New York, New York 10016
Phone: (212) 779-1414
dburke@bernlieb.com
***Counsel for Juan Bordoy, individually, and Mary Elin Arce, individually and as mother of J.B.***