UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: Acetaminophen – ASD-ADHD Products Liability Litigation<br><br>**This Document Relates To:**<br>*Burke v. Johnson & Johnson Consumer Inc.*, 24-cv-01479<br>*Courington v. Johnson & Johnson Consumer Inc.*, No. 24-cv-01159 | 22md3043 (DLC) |

**Reply to Johnson & Johnson Consumer Inc.'s**
**Response to Plaintiffs' Order to Show Cause Responses**

Plaintiffs Laurie and Hunter Courington and Taryne and Ashton Burke reply to Johnson & Johnson Consumer Inc.'s ("JJCI") Response to Plaintiffs' Show Cause Responses, Dkt. 1426, 1425. The Courington and Burke Plaintiffs, like the Mota Plaintiffs, are relying on the admissible opinions of Dr. Ness to establish that prenatal exposure to acetaminophen can cause ADHD. Without substantively engaging with any of the *res judicata* arguments incorporated from the Mota Plaintiffs' brief, Dkt. 1399, JJCI baldly claims the Courington and Burke Plaintiffs are attempting a general causation "do over." *See* Dkt. 1425 and 1426 at 2. But a plaintiff cannot do "over" that which she has never done before. There can be no dispute that the Courington and Burke Plaintiffs filed their cases *after* the Court's December 18, 2023, Rule 702 Order. Their reliance on Dr. Ness's expert report will therefore be their *first* and *only* effort to meet their burden of proof on an important element of their claims. They have a constitutional right to proceed. *See generally Taylor v. Sturgell*, 553 U.S. 880 (2008).

JJCI simply ignores the facts when it relies on *Lippe v. Bairnco Corp.*, 249 F. Supp. 2d 357 (S.D.N.Y. 2003) and *In re Onglyza,* 93 F.4th 339 (6th Cir. 2024). In both cases, plaintiffs who

submitted excluded experts sought leave to submit new experts. *See Lippe v. Bairnco Corp.*, 249 F. Supp. 2d at 385–86 (explaining how plaintiffs had already submitted two experts and only sought to add experts prior to summary judgment); *In re Onglyza*, 93 F.44h at 339, 349–50 (6th Cir. 2024) (noting that the same plaintiffs sought to reopen expert discovery after the court excluded their expert). That is a true example of plaintiffs requesting a "do over," which a court has discretion to deny. JJCI has mustered no authority that blocks a plaintiff's first attempt to prove general causation merely because prior plaintiffs have tried and lost.

The fact that Co-Lead Counsel represents some of the Mota Plaintiffs as well as the Courington Plaintiffs is irrelevant. The proper units of analysis under estoppel doctrine are the *parties* to prior proceedings, not their counsel. JJCI seems to be positing the following syllogism: (a) Co-Lead Counsel was undeniably involved in litigating zealously on behalf of all *earlier-filed* plaintiffs who relied on the excluded experts; (b) Co-Lead Counsel hired Dr. Ness; (c) therefore, any *later-filed* plaintiffs relying on Dr. Ness are necessarily relying on Co-Lead Counsel and are thus attempting a "do over." The Supreme Court says otherwise. *See Taylor*, 553 U.S. at 896–98 (rejecting appellate court's holding that there was "adequate representation" to apply estoppel when the second plaintiff hired the same counsel and the first party had a strong incentive to litigate); *see also Bottaro v. Hatton Assocs.*, 680 F.2d 895, 897 (2d Cir. 1982) (noting a litigant's "right to select their own counsel").

JJCI no doubt wishes that this Court had definitively decreed that no past or future plaintiff could ever submit admissible evidence of general causation. Consistent with Rule 702 and fundamental principles of due process, this Court did nothing of the sort.

Dated: March 14, 2024                                  Respectfully submitted,

*/s/ Ashley C. Keller*
**KELLER POSTMAN LLC**
Ashley C. Keller – *Pro Hac Vice*
150 N. Riverside Plaza Suite 4100
Chicago, IL 60606
Phone: (312) 741-5220
Fax: (312) 971-3502
ack@kellerpostman.com
***Counsel for Laurie and Hunter Courington***

*/s/ Daniel C. Burke*
**BERNSTEIN LIEBHARD LLP**
Daniel C. Burke, Esq.
10 East 40th Street
New York, New York 10016
Phone: (212) 779-1414
dburke@bernlieb.com
***Counsel for Taryne and Ashton Burke***