

Jessica L. Brennan, Esq.
67 E. Park Place, Suite 1000
Morristown, NJ 07960
Tel (973) 775-6101
Fax (973) 775-6102

www.btlaw.com

February 6, 2026

**VIA ECF**

The Honorable Denise L. Cote
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

>   ***In Re: Acetaminophen ASD/ADHD Prods. Liab. Litig.*, 1:22-md-3043 (DLC)**
>   **Kenvue's Letter Regarding Motion for Sanctions**

Dear Judge Cote,

      In accordance with Your Honor's Individual Rule 2(C) and Local Rule 37.2, we write on behalf of Defendant Johnson & Johnson Consumer Inc. (now known as Kenvue Brands LLC) ("Kenvue") regarding discovery violations by Plaintiff's Lead Counsel, Ashley Keller, and the unauthorized use of Confidential Information (produced in this multidistrict litigation ("MDL") pursuant to a Protective Order) in two separate state court proceedings, styled as *Guist v. Johnson & Johnson*, No. CA25-1750 (Fla. Cir. Ct. St. Johns Cnty.) ("Guist Action") and *State of Texas v. Johnson & Johnson, et al.*, No. 2025-348 (Tex. Dist. Ct. Panola Cnty.) ("Texas Action"), without substantial justification. Kenvue seeks to enforce the relevant Protective Order, and respectfully requests an informal hearing to address the same with Your Honor and/or for leave to file a motion for sanctions as against Mr. Keller and his law firm, Keller Postman LLC.

      By way of background, on January 18, 2023, this Court entered a Protective Order ("MDL Protective Order") which prohibits the unauthorized disclosure of Confidential Information produced in this MDL and expressly prohibits the use of Confidential Information <u>in any other proceeding</u> unless it has separately been produced therein with limited exception. Dkt. 351 at ¶ 17. No such exception applies here.

      Rather, in response to a motion to dismiss filed by Kenvue (and other defendants) in a recently served Florida state court action, Mr. Keller attached and extensively cited, quoted, and described multiple documents produced by Kenvue that were designated Confidential or Highly Confidential pursuant to the subject MDL Protective Order. There is no dispute that Mr. Keller violated the MDL Protective Order as he simultaneously filed a notice alerting the Florida state court of the protected status of the materials he submitted for that court's consideration. Despite being notified of his violation of the MDL Protective Order, and after attempting to meet and confer on a resolution of that violation, on February 5, Mr. Keller *also* filed the same Confidential documents in support of his client's opposition to a motion to dismiss in the Texas Action—further violating the subject MDL Protective Order. These unauthorized disclosures, in direct violation of

The Honorable Denise L. Cote
February 6, 2026
Page 2 of 2

this Court's MDL Protective Order, threaten the integrity of this proceeding and, as such, sanctions are warranted under both Rule 37 and this Court's inherent authority.

      Rule 37 authorizes the imposition of sanctions on a party or her attorney who "fails to obey an order to provide or permit discovery[.]" Fed. R. Civ. P. 37(b)(2)(A). "By logical extension," courts within this Circuit have "consistently held that a protective order issued under Rule 26(c) can be enforced through Rule 37(b)." *Jay v. Spectrum Brands Holdings, Inc.*, No. 13 Civ. 8137, 2015 WL 6437581, at * 5 (S.D.N.Y. Oct. 20, 2015); *see also Minskoff v. Mendoza*, 797 F. Supp. 3d 238, 265 (E.D.N.Y. 2025) (similar) (citations omitted). The "'mildest' sanction specifically enumerated under Rule 37(b) is an order that the "party who violated the discovery order at issue, or the attorney advising that party, be required to reimburse the opposing party for expenses caused by the violation." *Jay*, 2015 WL 6437581, at *12. Indeed, under Rule 37(b)(2)(C), a court "*must*" so order unless the violation was "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added); *see also Minskoff*, 797 F. Supp. 3d at 265, 267 (imposing attorneys' fees and a significant fine on a party for disclosing confidential information to "signal [to the] public . . . that insubstantial attempts to circumvent Court authority will not be tolerated"); *Hunt v. Enzo Biochem, Inc.*, No. 06 CIV. 170 (SAS), 2011 WL 4840713, at *1, *6-7 (S.D.N.Y. Oct. 12, 2011) (finding plaintiff's attorney in contempt and imposing monetary sanctions for "improperly giving" confidential documents someone pursuing a separate case against the same defendants); *Abdou v. Mahany & Ertl, LLC*, No. 19-cv-1824 (JHR) (RWL), 2024 WL 3503046, at *43 (S.D.N.Y. June 11, 2024) (imposing attorneys' fees for filing confidential material on public docket).

      Kenvue respectfully submits this Court should also formally reprimand Mr. Keller pursuant to its inherent authority because his repeated conduct has necessarily undermined the enforcement of the MDL Protective Order. *See e.g.*, *In re Plumeri*, 434 B.R. 315, 329 (S.D.N.Y. 2010) (citing *United States v. Seltzer*, 227 F.3d 36, 40-42 (2d Cir. 2000) (finding damages appropriate where attorney "misconduct [is] unrelated to 'legitimate efforts at zealous advocacy for the client.'").

      Pursuant to Your Honor's Individual Rule 2(C) and Local Rule 37.2, Kenvue represents that its counsel has met and conferred with counsel from Keller Postman regarding the unauthorized disclosure of Confidential Information from this action, but such meet and confer was unsuccessful to resolve the concerns at issue (as evidenced by the fact that Mr. Keller went on to file the same Confidential documents in another state court days later)—and certainly do not resolve the fees incurred by Kenvue in seeking to enforce the MDL Protective Order (and other protective orders Mr. Keller violated), and to mitigate any and all damages incurred as a result of the violation of the MDL Protective Order. Kenvue therefore respectfully requests a conference with the Court per Your Honor's Individual Rule 2(C) or, in the alternative, leave to file its motion for sanctions, which Kenvue attaches hereto as **Exhibit 1** for the Court's convenience.

      Respectfully submitted,
      */s/ Jessica L. Brennan*

Enclosure
cc: All Counsel of Record

Barnes & Thornburg