# Keller | Postman

February 9, 2026

**VIA ECF**

The Honorable Denise L. Cote
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

Re:   *In Re: Acetaminophen – ASD–ADHD Products Liability Litigation*, Case No. 1:22-md-3043 (S.D.N.Y.) – Plaintiffs' Response to Defendant's Letter Regarding Motion for Sanctions, Dkt. 1624

Dear Judge Cote:

     I write in response to Kenvue's February 6, 2026 letter seeking leave to file a sanctions motion against me and my law firm. Dkt. 1624. The request is both premature and unwarranted.

     It is premature because I first learned that Kenvue was seeking leave to file a sanctions motion on Saturday morning after the company's Friday-night filing. Ms. Brennan certified that she complied with your Individual Rule 2(C) and Local Rule 37.2. Despite that certification, I never had a telephonic or in-person discussion with Ms. Brennan or any of her colleagues in an effort to resolve this dispute. In fact, I have not had a single live conversation with Ms. Brennan or any of Kenvue's Florida counsel on any topic of any kind in 2026. Though Kenvue's counsel did join a February 2 meet-and-confer phone call with my law-firm colleagues about the Florida filing, the sole topic of conversation was how to withdraw the filing while permanently protecting confidential information. The word "sanctions," "discipline," "penalty," or any other synonym has not been uttered a single time in a live conversation by phone or in person with any Keller Postman attorney. That is not conferral of any variety, let alone a good-faith attempt to resolve a dispute. Local Rule 37.2.

     Kenvue's request is also entirely unwarranted. My law-firm counsel and I take all court orders seriously and have never even inadvertently made public confidential Kenvue documents, despite years of litigation across eight different venues. Some context will put Kenvue's dispute in better perspective. During discovery in the MDL, Kenvue produced nearly 78,000 documents, *all* of which are implausibly designated "confidential" or "highly confidential," pursuant to this Court's Protective Order, Dkt. 351. In subsequent state-court actions, Kenvue has deemed these documents reproduced. That sensible approach is common, and it obviates the need to waste judicial and party resources seeking discovery that Kenvue knows it will have to produce eventually in every new venue where plaintiffs serve requests. Kenvue has produced some 12,000 additional documents in state-court actions in California and Illinois. Documents produced in California and Illinois are covered by applicable state-court protective orders rather than this Court's protective order. *See* Dkt. 351 at 1 ("This Protective Order applies to all documents . . . produced or disclosed in connection with the above-captioned matter," *i.e.*, the MDL.).

At issue here are just ***four*** documents—each internal email correspondence—that Kenvue produced pursuant to this Court's Protective Order. On January 27, my firm relied upon those emails to refute factual contentions Kenvue made in a motion to dismiss for lack of personal jurisdiction in a recently filed Florida action. We sincerely believed Kenvue would follow the same course it did in every other state-court action and deem the prior discovery reproduced in Florida. We filed the documents as "confidential" to protect Kenvue's designation, as required by this Court's protective order. As a result, the "confidential" documents have never been publicly disclosed or accessible in any way.

Kenvue apparently does not wish to follow an efficient approach any longer. On January 30, Kenvue demanded that my firm withdraw the Florida filing. Attorneys from my firm conferred with Kenvue about the Florida filing on February 2, and learned for the first time from Kenvue's counsel that the documents produced in the MDL would *not* be deemed reproduced in the Florida case. Kenvue, apparently, now believes that discovery should start from zero in every new action. Kenvue's counsel did not discuss any potential sanctions motion in the MDL or anywhere else.

After learning Kenvue's new approach to prior discovery, my firm expeditiously undertook corrective action as to the Florida filing. On February 4, we submitted a motion to permanently strike the initial filing and replaced it with an amended one that did not rely on any confidential materials. The four confidential documents at issue here will be permanently removed from the Florida docket and will never be accessible to the public through that filing. Plaintiff, of course, is going to seek and eventually obtain the documents through state-court discovery and will maintain any confidentiality required by the Florida judge. Kenvue has suffered no prejudice of any kind by this sequence of events, and the integrity of the MDL is undisturbed. *See Richards v. Kallish*, No. 22-cv-9095 (CS) (VR), 2024 WL 180869, at *7 (S.D.N.Y. Jan. 17, 2024) (declining to impose sanctions where the attorney "took immediate remedial measures, [and] Defendants suffered no real prejudice").

My firm also represents the State of Texas in a deceptive trade practices and fraudulent transfer action against Kenvue, Kenvue Inc., and Johnson & Johnson. Following the dispute in Florida, Kenvue's Texas counsel informed my firm that previously produced discovery would not be deemed reproduced in Texas. As a result, and contrary to Kenvue's representations to this Court, my firm has not filed *any* confidential information in Texas—it is all redacted. To avoid any argument to the contrary, *every* single page of *every* confidential document is *entirely* redacted and *all descriptions and quotations* from those documents in the brief and declaration are redacted. An unredacted version of the filing has *not* been filed or transmitted to the Texas court, co-counsel, or non-Kenvue parties in any way. There has been no disclosure and, therefore, no violation of the protective order at all, let alone bad faith.

Because Kenvue failed to comply with this Court's rules, the letter motion should be denied as procedurally improper and premature. In the event the Court permits Kenvue to file its motion for sanctions, I request an opportunity to file an opposition brief within seven days after service of the motion, as permitted by Local Rule 6.1(a).

                    Respectfully submitted,

                    */s/ Ashley Keller*
                    Ashley C. Keller (*Pro Hac Vice*)
                    KELLER POSTMAN LLC
                    2333 Ponce De Leon Boulevard
                    Suite R-240
                    Coral Gables, FL 33134
                    Tel. (833) 633-0118
                    ack@kellerpostman.com