**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: Acetaminophen – ASD-ADHD Products Liability Litigation<br><br>This Document Related To: All Cases | **22md3043 (DLC)** |

### DECLARATION OF ASHLEY C. KELLER IN SUPPORT OF MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS AGAINST ASHLEY KELLER

I, Ashley C. Keller, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.      I am Senior Partner with the law firm of Keller Postman LLC. I co-founded the firm in 2018. Today, Keller Postman employs over 60 lawyers and nearly 200 professional staff across 30 states and Washington, D.C.

2.      I am admitted pro hac vice to practice before the United States District Court for the Southern District of New York in connection with the above-captioned MDL. This Court reappointed me as Plaintiffs' Co-Lead Counsel in November 2023. I am also counsel of record in 75 individual cases in the MDL.

3.      I submit this Declaration in support of the Memorandum in Opposition to Kenvue's Motion for Sanctions against me. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, I would competently testify as to the matters stated herein.

4.      I earned my Juris Doctor at the University of Chicago Law School in 2007. I completed clerkships for the United States Supreme Court and the United States Court of Appeals

for the Seventh Circuit. Prior to launching Keller Postman, I co-founded the litigation finance firm Gerchen Keller Capital. Prior to that, I was a partner at Bartlitt Beck Herman Palenchar & Scott LLP.

5.      As Senior Partner at Keller Postman, I oversee all litigation at the firm. In that role, I delegate certain tasks to my colleagues. For example, I delegate the day-to-day management of each of the firm's cases to senior attorneys whom I supervise. I participate in weekly meetings with the case teams, receive regular status updates, and advise on overall strategy.

6.      Roseann Romano is responsible for managing day-to-day litigation activities relating to acetaminophen-related tort cases pending in California, Illinois, and Florida.

7.      John Masslon is responsible for managing day-to-day litigation activities relating to acetaminophen litigation on behalf of the State of Texas.

8.      Ms. Romano and Mr. Masslon were responsible for the filings at issue in Kenvue's motion. I was not involved in preparing the filings or the decision to attach the confidential documents in Florida.  Nor was I involved in preparing the filings or the decision to file redacted documents in Texas.

9.      With regard to the Florida filing, Ms. Romano and her team prepared my declaration that was submitted in support of the opposition brief. I reviewed the declaration. My review was solely focused on confirming that the declaration contained accurate and truthful statements based on my personal knowledge. I did not speak with Ms. Romano about the confidentiality of the documents described in the declaration.

10.      I first learned that there was a dispute concerning confidential documents from Ms. Romano following receipt of a letter from Kenvue's Florida counsel on January 30, 2026. Ms. Romano explained that the documents had been filed under seal and were not on the public docket.

She also explained that her decision to include them with the filing was to improve the client's chances of prevailing on the motion to dismiss and was based on her anticipation that the documents would be deemed produced in Florida just as they had been in Related Actions in Illinois and California. Ms. Romano proposed meeting and conferring with Kenvue's counsel the following business day. I agreed with that approach.

11.    Prior to the meet-and-confer, Ms. Romano presented me with potential solutions that she intended to discuss with Kenvue's counsel, including withdrawing the filing. I approved the potential options she presented.

12.    I did not attend the meet-and-confer on February 2, 2026. I often do not attend such conferences and instead delegate that responsibility to senior attorneys, like Ms. Romano. After the meeting, I learned from Ms. Romano that Kenvue was taking a new position and would not permit use of prior discovery documents in the Florida case. Ms. Romano proposed filing a motion to strike and submitting an amended opposition brief and supporting documents. I approved that corrective action.

13.    Following this incident, I have instructed all Keller Postman attorneys about the importance of strictly adhering to court orders and not relying on opposing counsel's course of dealing in related matters. In addition, I have implemented a new firmwide policy that all agreements with opposing counsel on discovery matters must be express, not implied.

14.    I have discussed this incident with Ms. Romano. I am completely satisfied that she made an honest, good-faith mistake in her role as a zealous advocate for the firm's Florida client. I am also satisfied that she takes seriously court orders and made every effort to protect the confidentiality of Kenvue's documents and to comply with the protective order but for relying on her and her colleagues' past interactions with Kenvue's counsel.

15. I accept responsibility for any mistake I may have made as a supervisor in connection with overseeing this filing and in setting overall firm policy.

16. With regard to the Texas filing, Mr. Masslon made the decision to file the redacted documents with the Texas court. Mr. Masslon emailed me and a large group of other lawyers regarding his plan for the filing. I did not weigh in on or approve the plan or otherwise speak with Mr. Masslon about the filing.

17. Mr. Masslon prepared my affidavit in support of the filing, which was based in large part on my declaration in the Florida filing. I reviewed the affidavit to ensure the statements were truthful and accurate based on my personal knowledge.

18. Neither I nor any other attorney at Keller Postman knew that there was any dispute concerning the Texas filing until Kenvue filed this motion on February 6.

19. Kenvue has never contacted me to meet and confer about this motion. It is my understanding that Kenvue did not speak to a single person at Keller Postman about this motion prior to filing it.

20. I was not aware that Kenvue intended to seek sanctions against me until I read the redacted motion for sanctions on February 7.

21. I take all court orders seriously and endeavor to comply with them. I have never been accused of misconduct in this Court, have never been warned about non-compliance with the protective order, and have never been personally sanctioned by a court for disobeying court orders.

Dated: February 17, 2026

_____
Ashley C. Keller (*Pro Hac Vice*)
KELLER POSTMAN LLC
2333 Ponce De Leon Boulevard
Suite R-240
Coral Gables, FL 33134

Tel. (833) 633-0118
ack@kellerpostman.com

5