**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE: Acetaminophen – ASD-ADHD Products Liability Litigation**<br><br><br>**This Document Related To: All Cases** | **22md3043 (DLC)** |

### DECLARATION OF JOHN M. MASSLON II SUPPORTING MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS AGAINST ASHLEY KELLER

I, John M. Masslon II, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.     I am Chief of Litigation Services with the law firm of Keller Postman LLC.

2.     In 2012, I was admitted to practice law in the State of New York and in 2025 I was admitted to practice before the United States District Court for the Southern District of New York.

3.     I have not entered an appearance for Plaintiffs in the above-captioned matter, but I have entered an appearance in the United States Court of Appeals for the Second Circuit in the pending appeal regarding the Court's order to exclude the expert testimony of Dr. Roberta Ness.

4.     I represent the State of Texas in a deceptive trade practices and fraudulent transfer action against Kenvue Brands LLC ("Kenvue"), Kenvue Inc., and Johnson & Johnson, which is currently pending in the 123rd District Court of Panola County, Texas.

5.     I submit this Declaration in support of Plaintiffs' Memorandum in Opposition to Kenvue's Motion for Sanctions against Ashley Keller. I have personal knowledge of the facts set

forth in this Declaration and, if called as a witness, I would competently testify as to the matters stated herein.

6.      I joined Keller Postman in October 2024. Since then, I have worked on many of the firm's matters, including its acetaminophen cases.

7.      I have experience serving as first chair in trials in both federal and state courts. I also have experience serving as first chair in appellate matters in courts across the country.  In many of those matters, I had no supervising attorney and was the ultimate decision-maker.

8.      At Keller Postman, I am the only supervising attorney on one matter.

9.      For other matters at Keller Postman, I report to partners or senior partners.  In these matters, much of my work is performed independently without direct oversight from any supervisor. Each of the case teams has a weekly meeting to discuss strategy and issues that may arise with the partners and senior partners supervising the case. In connection with my work for the State of Texas, I confer with Mr. Keller on a regular basis.

10.      The Texas case began on October 27, 2025, when the State of Texas filed a Petition against Kenvue, Kenvue Inc., and Johnson & Johnson in Panola County, Texas. On November 5, 2025, the State moved for a temporary restraining order and a temporary injunction to bar the defendants from making any statements directed to Texans that Tylenol is safe for pregnant women and young children to ingest and to bar Kenvue Inc. from issuing a dividend to its shareholders and thereby diluting its assets. The court set a hearing on the motion for November 7, 2025.

11.      On the evening of November 6, 2025, to prevent the November 7, 2025 hearing from going forward, the defendants removed the case to the U.S. District Court for the Eastern District of Texas. At the conclusion of an extraordinarily rare Saturday hearing on November 8, 2025, the case was remanded to the Panola County court.

12. Thereafter, the court dismissed the State's fraudulent transfer claims against defendants and the State's deceptive trade practices claim against Kenvue Inc. and Johnson & Johnson for lack of personal jurisdiction. On December 22, 2025, the State filed an amended petition to plead sufficient facts to support the exercise of personal jurisdiction over defendants. The defendants again moved to dismiss, arguing that the court lacked personal jurisdiction.

13. On approximately January 26, 2026, I reviewed a draft of an opposition brief for an acetaminophen case that Keller Postman attorneys had filed in St. Johns County, Florida. The brief responded to similar personal jurisdiction arguments as the defendants had raised in the Texas case I oversee. As a result, I intended to incorporate the Florida arguments and supporting evidence in opposing the pending motion to dismiss in Texas.

14. On January 31, 2026, my colleague, Roseann Romano, alerted me that she had received a letter from Kenvue's counsel demanding that Keller Postman withdraw the Florida opposition brief and supporting materials.

15. On February 2, 2026, I emailed Kenvue's Texas counsel to ask whether Kenvue would consent to use of prior discovery, including MDL discovery, in the Texas case. That same day, Kenvue's counsel responded that they would not consent. A copy of the email correspondence is attached hereto as Exhibit 5.[1]

16. After Kenvue's counsel refused, I personally reviewed—again—the protective orders in the MDL, California, and Illinois.

17. Based on my review of those protective orders, and given Kenvue's position, I redacted all confidential information from the opposition brief, affidavit, and supporting exhibits.

---

[1] Exhibits 1-4 are attached to the Declaration of Roseann R. Romano in Support of Memorandum in Opposition to Defendant's Motion for Sanctions Against Ashley Keller, which is being filed contemporaneously with this declaration.

Because Kenvue designated entire documents as confidential, I redacted the entire page of every document. No text, images, or other content is visible.

18.     I believed this action allowed me to fulfill my ethical duties to my client, the State of Texas, while complying with the three protective orders.

19.     On February 5, 2026, Keller Postman filed only the redacted versions of the State's opposition brief, affidavit, and supporting exhibits. *See* Kenvue Ex. F (as-filed copy of the opposition brief and exhibits that were submitted to the Texas court); Kenvue Ex. G (as-filed copy of the affidavit submitted to the Texas court).

20.     I also prepared and filed a motion to seal asking the Panola County court to order the confidential documents be filed under seal in the Texas case to protect the confidentiality designations. A true and correct copy of the motion to seal is attached hereto as Exhibit 6.

21.     I did not serve or otherwise transmit the unredacted versions of the State's opposition brief, affidavit, or supporting exhibits to the court, to the court's staff, to co-counsel, or to any party other than Kenvue.

22.     I informed approximately five attorneys at Keller Postman of my plan to submit the redacted versions of the brief, affidavit, and exhibits to the Texas court.

23.     I did not personally discuss my plan with Mr. Keller.

24.     On February 6, 2026, Kenvue's counsel emailed me as they were unsure of what information I had redacted from the documents because those redactions were so thorough. Kenvue's counsel asked me to email them unredacted copies of the documents. *See* Exhibit 5.

25.     As a professional courtesy, I responded with a copy of the unredacted copies. *See* Exhibit 5. I believe this is permissible under all three protective orders as I was sending the information to Kenvue's own counsel.

26.     On February 12, 2026, I appeared in Carthage, Texas for oral argument in the Panola County matter.  Before and after that hearing, I spent approximately one hour in cordial conversation with Kenvue's counsel.

27.     At no time before, during, or after the hearing did Kenvue's counsel ask to meet and confer regarding my or Keller Postman's actions with respect to filing redacted materials in the Panola County matter.

28.     During the oral argument, Kenvue's counsel affirmatively argued that Judge Rafferty should consider the redacted filings that I and Keller Postman submitted.

29.     To date, Kenvue has not requested that Keller Postman withdraw or take any other action in connection with the Texas filing. Kenvue has indicated it will oppose the State's motion to seal with regard to production of the confidential documents in the Texas case. The Panola County court has not decided that motion.

30.     I take full responsibility for Keller Postman's decision to submit redacted documents to the Panola County court. I believe that I was bound by the rules of professional conduct to preserve my client's ability to challenge the false statements that defendants made in the Texas matter while complying with the protective orders entered in the MDL, Illinois, and California.

31.     I continue to believe that my, Mr. Keller's, and Keller Postman's actions in the Texas matter complied with applicable rules of professional conduct and the three courts' protective orders.

I made this declaration on the 17th day of February, 2026, in the City and County of Philadelphia, Commonwealth of Pennsylvania.

John M. Masslon II
KELLER POSTMAN LLC
1101 Connecticut Avenue NW
Suite 1100
Washington, DC 20036
Tel. (202) 968-0239
john.masslon@kellerpostman.com